> **NONPRECEDENTIAL DISPOSITION**
> To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Submitted June 11, 2014[*]
Decided July 16, 2014

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1139

| | |
|---|---|
| RAYMOND N. ERVIN, | |
| *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| SARINA A. ERVIN, | No. 11 C 6917 |
| *Defendant-Appellee*. | |
| | Sharon Johnson Coleman, *Judge*. |

---

[*] In this case, the court twice has ordered attorney Nancy Murphy, who represents appellee Sarina Ervin, to show cause why this appeal should not be submitted for decision without the submission of a brief and oral argument on behalf of the appellee. To date, Murphy has failed to file a response or otherwise prosecute the appeal. Accordingly, the court ordered the appeal to be submitted for decision without the filing of a brief or oral argument on behalf of the appellee. See Cir. R. 31(d). We note that the disregard Murphy showed for our orders is conduct unbecoming a member of the bar of this court.

**O R D E R**

This appeal plunges us into the somewhat unfamiliar territory (for federal courts) of domestic relations. It concerns an order of a court in the Canadian province of Ontario to Raymond Ervin, directing him to pay his ex-wife, Sarina Ervin, child and spousal support after their divorce. (For clarity, we use the parties' first names in the remainder of this order.) By the time the Ontario court issued its order, Raymond had moved to Illinois; Sarina remained in Canada. She filed a successful action in Illinois to enforce the Ontario court's decision, but Raymond was not through fighting. He responded with this lawsuit against Sarina, in which he accuses her of violating his constitutional rights in a thinly disguised effort to set aside the judgment of the Illinois court. The district court dismissed Raymond's action for lack of subject-matter jurisdiction; we affirm.

**I**

The protracted dispute described in Raymond's complaint boils down to a few significant facts. He and Sarina were living together in Canada when divorce proceedings began in 1998. After their divorce was final, the Ontario court issued an interim order awarding custody of the couple's three children to Sarina and requiring Raymond to make support payments. Raymond held dual Canadian and U.S. citizenship, but after this court order, he "released" his lawyer in Canada, moved to Illinois, and renounced his Canadian citizenship. (Sarina is Canadian.) The Ontario court conducted additional proceedings in Raymond's absence, and in 2000 it entered a final order that increased his monthly support payments.

Sarina registered the latter order in Illinois in 2004 by filing it in state court along with the other information required by statute. See 750 ILCS 22/602. Raymond contested the registered order, as he was entitled to do under 750 ILCS 22/606. He asserted, among other things, that he had not received notice of the additional proceedings that took place in the Ontario court after he left Canada. Thus, he reasons, the Ontario court's order is not valid because it violated his right to due process. The Circuit Court of Lake County (IL) rejected that argument and confirmed the registered order pursuant to 750 ILCS 22/607(c). The state appellate court affirmed its judgment, and in 2009 the Supreme Court of Illinois denied Raymond's petition for leave to appeal.

More than two years later, Raymond brought this suit naming Sarina as the sole defendant and accusing her of violating his Fourteenth Amendment rights to due process and equal protection. He did not allege, however, that Sarina is a state actor. He

simply continues to argue that he did not receive notice of the Ontario proceedings, and thus any step to enforce that court's order in Illinois would violate his due process rights. (Raymond does not seem to have alleged that the state court itself furnished the necessary state action, as in *Shelley v. Kraemer,* 334 U.S. 1 (1948), but that just means that he might have missed a possible legal theory in support of his new case. As we explain below, this does not change the outcome here.) With respect to equal protection, Raymond vaguely contended that his rights were violated when Sarina received sole custody of their children. He cited no authority for that proposition, however, and has dropped the point in his appellate brief. We will do the same.

The district court dismissed the suit with prejudice for lack of subject-matter jurisdiction, citing the *Rooker-Feldman* doctrine. See *Dist. of Columbia Ct. App. v. Feldman,* 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 416 (1923). Raymond filed a motion to reconsider, alleging that there were factual inaccuracies in the district court's order and asserting that he did not seek review of the Illinois court's decisions. The district court acknowledged that the order misstated a few facts, convened a hearing to reconsider its decision, and then issued a second order, again dismissing under *Rooker-Feldman.*

## II

On appeal, Raymond contests the applicability of *Rooker-Feldman* in this situation and argues on the merits that the Illinois courts should not have enforced the Ontario court's order. He points out (uncontroversially) that *Rooker-Feldman* does not apply to suits filed before a state court renders judgment. See *Exxon-Mobil Corp. v. Saudi Basic Indus. Corp.,* 544 U.S. 280, 284 (2005). But he does little to develop this argument: all he does is to state twice, without further elaboration, that the "state court" has not completed its adjudication of the matter. We can assume that the Ontario court, like any domestic relations court, has continuing jurisdiction over the Ervins' child-custody arrangements, but the Illinois court was finished with its part of the matter by the time Raymond filed his suit. Indeed, the Supreme Court of Illinois had denied his petition for leave to appeal the state court's judgment more than two years before the federal court suit was filed. We are aware of no authority in the *Rooker-Feldman* line of cases that would treat the Illinois result as non-final in these circumstances.

Second, Raymond argues that because the underlying order of support was entered by the court in Ontario, he is not challenging an Illinois judgment at all. This argument is frivolous. After Sarina registered the Ontario order in Illinois, it became domesticated, and from that point it was up to the Illinois court to decide whether and how to enforce it. Even though he did not label his suit as an appeal, see *Saudi Basic*

*Industries,* 544 U.S. at 284; see also *Arnold v. KJD Real Estate, LLC,* 752 F.3d 700, 704-05 (7th Cir. 2014), in substance Raymond is now inviting "review and rejection" of the Illinois judgment. That is precisely what *Rooker-Feldman* holds is outside the jurisdiction of the district courts.

Even if Raymond could extricate himself from *Rooker-Feldman*, he could not prevail. This is a domestic-relations case, and thus is probably excluded from federal-court jurisdiction by the domestic-relations doctrine. See *Marshall v. Marshall,* 547 U.S. 293, 311-12 (2006); *Struck v. Cook Cnty. Public Guardian,* 508 F.3d 858, 859-60 (7th Cir. 2007). Moreover, Raymond would need to overcome the preclusive effect of the state-court judgment. The litigation in Lake County involved the same parties and was resolved by a final judgment on the merits; in that proceeding, Raymond actually litigated his contention about the alleged lack of notice in Ontario. See *Dookeran v. Cnty. of Cook, Illinois,* 719 F.3d 570, 575-76 (7th Cir. 2013). If that were not enough, as we already have indicated, Raymond cannot state a claim under the Fourteenth Amendment against Sarina, because she is not a state actor.

Finally, Raymond throws in some arguments that appear at best confused, and at worst meritless, to us. He asserts, noting that *Rooker-Feldman* dismissals are jurisdictional and thus should be without prejudice, that the district court wrongly dismissed his suit with prejudice. But the court's corrected final order followed this court's advice in *Fredericksen v. City of Lockport,* 384 F.3d 437, 439 (7th Cir. 2004), and said only that the case was dismissed "for lack of subject-matter jurisdiction," without making any comment on prejudice. Raymond also makes some statements about remanding the case to the state court under 28 U.S.C. § 1447(c), but remand is possible only if the case reached the federal court by way of removal, and this one did not.

The judgment of the district court is AFFIRMED.