NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 2, 2021*
Decided June 3, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 21-1011

| | |
|---|---|
| SARINA A. ERVIN, *Petitioner-Appellee*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 20 C 6006 |
| RAYMOND N. ERVIN, *Respondent-Appellant*. | Jorge L. Alonso, *Judge*. |

## O R D E R

Raymond Ervin removed to federal court an action brought in state court by his ex-wife to enforce an order for child-support payments. The district court remanded the case to state court and awarded attorneys' fees and costs to his ex-wife. Because we lack jurisdiction to review the remand order, we dismiss that challenge and uphold the award of attorneys' fees.

---

* We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

For more than two decades, Raymond and his ex-wife Sarina have clashed over his child-support payments. The couple divorced in Canada in 1999, and a Canadian court ordered Raymond to make monthly payments to her. Raymond moved to Illinois, and in 2004 Sarina registered the order in the Circuit Court of Lake County. *See* 750 ILCS 22/602. Ever since, Raymond has unsuccessfully contested this order in both state and federal court. *See, e.g., Ervin v. Ervin*, 571 F. App'x 464 (7th Cir. 2014) (upholding dismissal of Raymond's § 1983 suit against Sarina for lack of jurisdiction under the *Rooker-Feldman* doctrine).

In 2016 Sarina initiated supplemental proceedings in state court to enforce the child-support order, and three years later she issued a citation to the Social Security Administration to discover whether Raymond was receiving social security benefits that could pay down his child-support debt. Throughout this proceeding, Raymond and his new wife, Gwendolyn Barlow (also his attorney as well as a third-party respondent in the case), fought Sarina's attempt to discover Raymond's assets by moving to quash the citation and filing emergency motions to the Illinois Supreme Court. The state court eventually sanctioned Raymond and Barlow by requiring them to pay several thousand dollars in attorneys' fees for their "dilatory and vexatious litigation." The state court then set a hearing for October 2020 over the citation to discover assets upon the Social Security Administration.

The day before that hearing, Raymond removed the case to federal court based on diversity and federal-question jurisdiction. Sarina moved to remand the case as untimely because removal was not within thirty days of Raymond's notice of the supplemental proceedings. *See* 28 U.S.C. § 1446(b); *N. Ill. Gas Co. v. Airco Indus. Gases*, 676 F.2d 270, 273 (7th Cir. 1982).

The district court granted Sarina's motion to remand. It concluded that Raymond failed to file a timely notice of removal within thirty days of receiving notice of the supplemental proceedings in 2016, s*ee* 28 U.S.C. § 1446(b), and failed to obtain the consent of the Social Security Administration, as required for removal. *See* § 1446(b)(2)(A); *GE Betz, Inc. v. Zee Co., Inc.*, 718 F.3d 615, 629–30 (7th Cir. 2013). The court also determined that Sarina should receive $7,875 in attorneys' fees and costs because Raymond lacked any reasonable basis for seeking removal.

On appeal, Raymond argues that the district court should excuse the untimeliness of his removal request because he had discovered only recently that Sarina and her attorney lied to the state court about the legitimacy of the original Canadian

child-support order. But we lack jurisdiction to review an order remanding a case to state court after removal. *See* 28 U.S.C. § 1447(d); *Jackson Cnty. Bank v. DuSablon*, 915 F.3d 422, 424 (7th Cir. 2019).

Raymond also challenges the attorneys' fees award on grounds that, given his status as a disabled recipient of social security benefits, it violates the constitutional prohibition against excessive fines. But the district court appropriately exercised its discretion to award fees after concluding that Raymond lacked any reasonable basis to remove this suit. *See Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). As the court explained, even if Raymond sought to remove only the 2019 citation issued to the Social Security Administration, he filed his notice of removal far beyond the thirty-day window, *see* § 1446, and without the agency's required consent. *See GE Betz, Inc.*, 718 F.3d at 629–30. And although Raymond urges us to ignore these deficiencies based on Sarina's asserted bad faith and fraud, this argument is just another end-run around the state court's 2004 order. *See Ervin*, 571 F. App'x at 465 ("[Raymond] accuses [Sarina] of violating his constitutional rights in a thinly disguised effort to set aside the judgment of the Illinois court."). Aside from mentioning his financial circumstances, Raymond does not meaningfully challenge the reasonableness of the court's decision to award attorneys' fees and costs to Sarina.

Finally, Sarina requests costs and attorneys' fees for defending this appeal. Because "litigants who receive an award of fees in the district court under § 1447(c) automatically receive reimbursement for the expense of defending that award on appeal," Sarina is entitled to attorneys' fees incurred defending the court's decision. *MB Fin., N.A. v. Stevens*, 678 F.3d 497, 500 (7th Cir. 2012). Sarina has fourteen days from the date of this decision to submit a statement of attorneys' fees. Raymond will have fourteen days to respond.

We DISMISS the appeal of the court's remand order and AFFIRM the judgment with regard to its award of costs and fees.