NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 13, 2011[*]
Decided April 13, 2011

*Before*

MICHAEL S. KANNE, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

JOHN DANIEL TINDER, *Circuit Judge*

No. 10-3131

| | |
|---|---|
| IN RE: WENDY ALISON NORA, | Appeal from the United States District |
| *Debtor-Appellant,* | Court for the Western District of Wisconsin. |
| | No. 10-cv-68-bbc |
| | Barbara B. Crabb, *Judge.* |

**O R D E R**

Wendy Nora petitioned for relief from her creditors under Chapter 13 of the bankruptcy code. One creditor, Residential Funding Company, asked the bankruptcy court to lift the automatic stay on collecting debts so that it could move forward with a state-court action to foreclose a mortgage on Nora's condominium. The bankruptcy court lifted the stay, and Nora appealed that decision to the district court. Her appeal, however, never got off the ground; five months passed without an opening brief because, she claimed, her

---

[*]After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

medical condition "totally disabled" her from any litigation. Yet, despite her claim, in that same period she actively litigated in both the bankruptcy court and the district court on almost every topic except the merits of her appeal.  With no merits brief in sight, and with the excuse she proffered for her delay refuted by her own litigation activity, the district court dismissed the matter for failure to prosecute. Finding no abuse of discretion, we affirm.

Nora requested her first briefing extension in the district court within a day of filing the notice of appeal. She asked for more than the allotted two-week period to file her opening brief, explaining in a string of submissions that her symptoms of fibromyalgia, a chronic condition with no cure, disabled her from filing a brief on the merits. She claimed, for example, that she was "totally disabled," "lacking basic functionality," and "in urgent need of immediate disability accommodations." A magistrate judge granted a 62-day extension. When that deadline was two days away, Nora requested an additional 45 days, explaining (in 25 single-spaced paragraphs) that a "pinched nerve" and post-traumatic stress disorder had complicated her recovery and would prevent any merits filing indefinitely. The magistrate judge granted the second extension, but for only 15 days.

At the same time that she told the district judge that she was "totally disabled" from litigating, Nora was actively litigating in the bankruptcy court. The bankruptcy docket shows weekly filings during the relevant period, most concerning her medical condition but also several pertaining to the merits of her bankruptcy petition, including amended schedules and income records, an amended bankruptcy petition, and a motion to reconvert the case from Chapter 11 to Chapter 13. Moreover, the district judge learned that in addition to her personal litigation, Nora, an attorney, was simultaneously handling a bankruptcy case on behalf of a client. She kept her client's case active during the period in question. Coincidentally, the record of that case shows that, on behalf of her client, Nora opposed a creditor's motion to lift the automatic stay; she filed roughly a half dozen submissions of varying length and complexity on the issue—the same issue that she disclaimed an ability to litigate in her own appeal.

Despite her evident capacity to litigate extensively before the bankruptcy court, Nora asked the magistrate judge to reconsider the decision to give her only 15 additional days to file her merits brief beyond the initial two-month extension, contending again that her medical incapacity necessitated another two months' extension. The magistrate judge denied the motion, suggesting that anyone in the condition that she was describing needs to retain counsel. Declining to retain counsel or file her merits brief, she filed another motion seeking more time with the district judge, who also denied the request. Once five months passed without a merits brief, and having before it a record showing that Nora could litigate prodigiously in the bankruptcy court despite her claimed incapacity, the district judge

dismissed the bankruptcy appeal for failure to prosecute. Nora filed a post-judgment motion within 28 days of judgment, asking the district court to vacate the dismissal in light of "new evidence" that her medical condition may have been more serious; that motion too was denied.

Because her post-judgment motion came within 28 days of judgment, her appeal to us brings up both the post-judgment order and the underlying dismissal. *See York Group, Inc. v. Wuxi Taihu Tractor Co.*, 632 F.3d 399, 401 (7th Cir. 2011). Nora argues on appeal that the dismissal of her bankruptcy appeal for failure to prosecute was unconstitutional and an abuse of discretion. She ticks off a list of constitutional and statutory rights which she maintains were violated by the dismissal. Most of her arguments, including her argument that the district court violated the Americans with Disabilities Act, merit no discussion except insofar as we construe them as contending that the district court abused its discretion under Federal Rule of Civil Procedure 41(b) in dismissing for want of prosecution.

A party's willful failure to prosecute an action can be an appropriate basis for dismissal. *See, e.g.*, *Bolt v. Loy*, 227 F.3d 854, 856 (7th Cir. 2000); *Fed. Election Comm'n v. Al Salvi for Senate Comm.*, 205 F.3d 1015, 1018 (7th Cir. 2000); *Williams v. Chi. Bd. of Educ.*, 155 F.3d 853, 857 (7th Cir. 1998). "Once a party invokes the judicial system by filing a lawsuit, it must abide by the rules of the court; a party can not decide for itself when it feels like pressing its action and when it feels like taking a break because '[t]rial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.'" *GCIU Employer Ret. Fund v. Chi. Tribune Co.*, 8 F.3d 1195, 1198-99 (7th Cir.1993) (quoting *Kagan v. Caterpillar Tractor Co.*, 795 F.2d 601, 608 (7th Cir.1986)). Factors relevant to a court's decision to dismiss for failure to prosecute include the seriousness of the misconduct, the potential for prejudice to the defendant, and the possible merit of the suit. *Bolt*, 227 F.3d at 856; *Kovilik Constr. Co. v. Missbrenner*, 106 F.3d 768, 759-60 (7th Cir. 1997). Because a district court must have wide latitude in managing litigation, our review of a dismissal for failure to prosecute under Rule 41(b) is deferential, and we will uphold a dismissal unless it strikes us as fundamentally wrong. *Gabriel v. Hamlin*, 514 F.3d 734, 736 (7th Cir. 2008); *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908-09 (7th Cir. 2003).

Faced with the contradiction between Nora's claimed incapacity to litigate her appeal and her active litigation of both her and her client's bankruptcy case, the district court was within its discretion in dismissing the bankruptcy appeal after two extended deadlines and five months passed without a substantive filing. We underscore that Nora did not contend, in asking for more time, that she was overburdened by the combination of her deteriorating health, her personal bankruptcy, and the demands of her law practice; she claimed, instead, that she needed prolonged relief from deadlines because she was "totally disabled" from any litigation. But Nora's submissions in the bankruptcy and district courts

belie that claim, suggesting that she was capable of briefing the merits of her appeal within the two granted extensions of time.

The dismissal might have been improper had Nora given the district court a credible reason to believe briefing would eventually begin in due course. But, to the contrary, Nora actually gave the district reason to believe that merits briefing would continue to be delayed indefinitely. Nora never estimated when her health would permit her to begin briefing. Instead, she warned that she would proceed only if she received extensions in all of her cases, both personal and representative, and even then, only after an additional 45 days. This was hardly reassuring. Nor did she ever explain why her medical condition disabled her from briefing the merits but allowed her to file numerous substantive motions in the bankruptcy court. Under these circumstances, two extensions totaling 77 days of extra time sufficiently accommodated Nora's asserted health condition.

We recognize that the district court did not explain in detail the reasons for its discretionary decision to dismiss and never explicitly weighed the factors that should inform a decision under Rule 41. But while parsimony of words may not assist our review, it does not preclude it either, and we may affirm on any basis in the record. *See Crichton v. Golden Rule Ins. Co.*, 576 F.3d 392, 399 n.2 (7th Cir. 2009). And this record contains ample evidence of a prolonged, unjustified delay and lacks any plausible contention that the stay was wrongly lifted. We are also mindful that a district court should issue a formal warning before resorting to the sanction of dismissal for failure to prosecute, but such a warning is not always required, *Fischer v. Cingular Wireless*, 446 F.3d 663, 665 (7th Cir. 2006). Given Nora's own assurance to the court that her professed inability to file a brief was not going to abate any time soon, a warning would have served no purpose except to facilitate further delay. *See id.*

Finally, Nora argues that the district court should have reconsidered the dismissal in light of new evidence she referenced (but did not submit) in her post-judgment motion that her medical condition may have been more serious than she originally represented. But this argument misses the point: the court was entitled to dismiss the action because her litigation activity contradicted her claims of incapacity, not because the court did not have adequate evidence of Nora's medical condition.

AFFIRMED.