In the

# United States Court of Appeals

## For the Seventh Circuit

No. 11-2603

MB FINANCIAL, N.A., as Guardian of the Estate of
Cristina Zvunca, a minor,

*Plaintiff*,

*v.*

JEANINE L. STEVENS, *et al.*,

*Defendants-Appellees*.

APPEAL OF:

DAVID A. NOVOSELSKY

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 11 C 798—**Harry D. Leinenweber**, *Judge*.

ARGUED APRIL 12, 2012—DECIDED APRIL 24, 2012

Before EASTERBROOK, *Chief Judge*, and MANION and
SYKES, *Circuit Judges*.

EASTERBROOK, *Chief Judge.* Attorney David Novoselsky,
purporting to represent MB Financial as guardian of
Cristina Zvunca's financial interests, filed suit in a state
court against six defendants. This suit alleged, among

other things, that several of the defendants had abused Zvunca. It had multiple problems, including the fact that Tiberiu Klein, Zvunca's general guardian (she is a minor), had discharged Novoselsky as Zvunca's lawyer. When defendants pointed out the suit's shortcomings, Novoselsky dismissed the complaint—but the defendants, who had been defamed and put to the expense of procuring dismissal, sought an award of sanctions against Novoselsky under Illinois Supreme Court Rule 137. Before the state court ruled on this motion, Klein filed a motion to intervene for the purpose of requesting sanctions on Zvunca's behalf. And before the state court could rule on Klein's motion, Novoselsky filed a notice of removal to federal court under 28 U.S.C. §1441. (Our references throughout this opinion are to the laws in force in spring 2011, when the suit was removed. The Federal Courts Jurisdiction and Venue Clarification Act of 2011, Pub. L. 112–63, 125 Stat. 758 (2011), amended 28 U.S.C. §§ 1332, 1441, 1446, and several other statutes. The President signed the 2011 Act on December 7, 2011. It went into force on January 6, 2012, and the jurisdictional changes apply only to suits begun on or after that date. See §105 of the 2011 Act, 28 U.S.C. §1332 note.)

Within a month, and notwithstanding what the district judge called a "deluge of motions" from Novoselsky, the federal court remanded the proceeding to state court. The put-upon litigants asked for an award of attorneys' fees for wrongful removal. See 28 U.S.C. §1447(c). The district judge concluded that such an award is appropriate and that Novoselsky also had vexa-

tiously multiplied the proceedings, allowing an award under 28 U.S.C. §1927. See 2011 U.S. Dist. LEXIS 71803 (N.D. Ill. July 5, 2011). The court ordered Novoselsky to pay $10,155 to one of the defendants and $2,432 to another. Novoselsky has appealed. The order must be affirmed if either §1447(c) or §1927 supports it; we discuss only §1447(c).

Section 1447(c) authorizes an award of attorneys' fees when the removal was unreasonable. *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005). Novoselsky's removal was worse than unreasonable; it was preposterous. Here is a partial list of the problems:

- Only a party can remove a suit to federal court. 28 U.S.C. §1441(a), (b). A request for sanctions does not convert a lawyer into a party. (Nor, as a matter of Illinois law, does a motion under Rule 137 create a new suit with the lawyer as defendant. See *Cook County v. Triangle Sign Co.*, 40 Ill. App. 2d 202, 216 (1963). That's why Novoselsky removed *MB Financial v. Stevens*, the suit he originally filed, rather than attempting to remove "*Klein v. Novoselsky*" as a separate juridical unit.)

- Among parties, only a defendant can remove the suit. 28 U.S.C. §1441(a), (b). Novoselsky is not a defendant; he was counsel on the plaintiff's side. Like Klein, Novoselsky might have moved to intervene, but he didn't.

- Removal requires the consent of *all* defendants. See *Chicago, Rock Island & Pacific Ry. v. Martin*,

178 U.S. 245 (1900). (This requirement has been codified by §103(b) of the 2011 Act, amending 28 U.S.C. §1446(a)(2)(B).) The state suit has six defendants, none of whom consented to removal. So even if Novoselsky were treated as a seventh defendant, removal would be impossible.

- When federal jurisdiction depends on diversity of citizenship, the suit "shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. §1441(b). Section 103(a) of the 2011 Act makes this language even stronger. All six defendants in the state suit are citizens of Illinois, the state in which the action was brought—so again treating Novoselsky as a party would not have allowed removal, even had all of the original six defendants consented (which they didn't).

- A notice of removal must be filed within 30 days of a suit's commencement. 28 U.S.C. §1446(b). Novoselsky's notice was filed long after that.

Novoselsky has slighted all of these problems except the last—the 30-day rule. He invokes the proviso in §1446(b) that a new 30-day window opens, "[i]f the case stated by the initial pleading is not removable", on "receipt by the defendant, through service or otherwise,

of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable". According to Novoselsky, Klein's motion for leave to intervene brought the suit within the diversity jurisdiction because Zvunca is a citizen of Romania, while Novoselsky is a citizen of Wisconsin. There are multiple problems with this theme.

First, a *motion* to intervene does not create diversity of citizenship. Perhaps a *grant* of that motion could have done so, had it produced a Romanian plaintiff and a Wisconsin defendant. But a motion proposing to become a party did not make Klein a party. Novoselsky needed to wait for the state court's decision on Klein's motion. That decision would have been an "order" starting the 30-day period (had the other conditions of removal been met).

Second, and apart from the fact that Novoselsky would not have been a party even if Klein had become one, is the statutory rule that a new 30-day period for removal begins only "[i]f the case stated by the initial pleading is not removable". The case stated by Novoselsky's initial pleading may have been removable (if, like Novoselsky, we were to disregard the rule that the suits with forum-state defendants cannot be removed). It had a Romanian citizen as the plaintiff and six Illinois citizens as defendants. Novoselsky apparently believes that MB Financial should be treated as a citizen of Illinois (the bank's citizenship) rather than of Romania (the ward's citizenship). But §1332(c)(2)

provides that "the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." So if Zvunca is a citizen of Romania—and *only* Romania—then the suit was removable on the day it was filed and did not first become removable when Klein sought to intervene.

But there could be a wrinkle. "For the purposes of this section, section 1335, and section 1441, an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." Section 1332(a) hanging paragraph. (This language, too, was amended by the 2011 Act to make doubly clear that an alien domiciled in the United States is treated as a citizen of the state of domicile.) If Zvunca has permanent-residence status, then citizens of Illinois are on both sides of the case, whether Zvunca is represented by MB Financial or by Klein. And, if that's right, then Novoselsky could not remove even if he were treated as a party. Complete diversity is essential. See *Strawbridge v. Curtiss*, 3 Cranch (7 U.S.) 267 (1806). A suit with citizens of Illinois on both sides cannot be removed under the diversity jurisdiction.

Novoselsky has not grappled with the problems in his new-30-day-window theory—not in this court, not in the district court. He simply takes it as a given that the suit was not removable until Klein filed the motion for leave to intervene and became removable the instant that motion was filed. Ignoring the fundamental problems we have identified was irresponsible. The sanctions meted out by the district court were richly deserved.

Appellees request an award of fees in this court. We held in *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407 (7th Cir. 2000), that litigants who receive an award of fees in the district court under §1447(c) automatically receive reimbursement for the expense of defending that award on appeal. See also *CIR v. Jean*, 496 U.S. 154 (1990). Nothing in *Martin* disturbs that aspect of *Garbie*.

Appellees are entitled to legal fees for the cost of work reasonably performed in defense of the district court's decision. They have 14 days to submit a statement of these fees. Novoselsky will have 14 days to respond. On the merits, the district court's decision is

AFFIRMED.