# United States Court of Appeals

For the Seventh Circuit
Chicago, Illinois  60604

January 22, 2013

*Before*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

No. 11-3576

| | |
|---|---|
| CHARLES ADAMS, *et al.*, | Appeal from the United States |
| Plaintiffs-Appellants, | District Court for the Northern |
| | District of Illinois, Eastern |
| v. | Division. |
| RAINTREE VACATION EXCHANGE, LLC, *et al.*, | No. 10 C 3264 |
| Defendants-Appellees. | Virginia M. Kendall, *Judge*. |

## O R D E R

On January 3, 2013, plaintiffs-appellants filed a petition for rehearing *en banc*. All of the judges on the original panel have voted to deny the petition, and none of the active judges has requested a vote on the petition for rehearing *en banc*. The petition is therefore DENIED.

The petition for rehearing is based on speculation about the contents of a sealed 2006 settlement agreement between Starwood and Raintree that was submitted *in camera* to the district judge, who correctly ruled that it was irrelevant to the fraud. Our opinion allows Starwood to invoke the forum selection clause on the basis of mutuality. The plaintiffs could invoke it against Starwood, even though Starwood was not a party to the contract containing

the clause, because they allege that it was conspiring with Raintree, whose subsidiary signed the contract containing the clause; mutuality means that Starwood can invoke it against them. The plaintiffs' counsel stated at oral argument that Starwood concedes that a settlement with Raintree severed all ties between the two companies, and further stated that Starwood cannot invoke mutuality because "as of the time of the filing of this lawsuit Starwood was a complete stranger to the original project and also a complete stranger to the company or any later entity [i.e., Raintree] that supposedly owned or acquired the forum clause."  But the premise of the suit is that Starwood conspired with Raintree to defraud them and that the contracts that the plaintiffs signed in 2004 with an alleged puppet of Raintree were instruments of the fraud. Whether Starwood's and Raintree's alleged conspiratorial venture subsequently went south, leading them to sever ties with each other in 2006, is irrelevant.

We note finally that in *MB Financial, N.A. v. Stevens*, 678 F.3d 497 (7th Cir. 2012), we upheld sanctions against David Novoselsky, the plaintiffs' lawyer in this case, and we take this opportunity to remind him that frivolous arguments are sanctionable.