NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted November 26, 2013[*]
Decided November 26, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD A. POSNER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

No. 13-1660

| | |
|---|---|
| WENDY ALISON NORA, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Western District of |
| | Wisconsin. |
| *v.* | |
| | No. 10-cv-748-wmc |
| RESIDENTIAL FUNDING COMPANY, | |
| LLC, et al., | William M. Conley, |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

Wendy Nora appeals the dismissal of her suit alleging fraud in the state-court foreclosure proceeding in which she lost her home. The district court dismissed her suit as barred by the *Rooker-Feldman* doctrine. Because the principles of *Rooker-Feldman* deprived the district court of subject-matter jurisdiction, we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

Nora secured a $135,900 mortgage loan on her home from Aegis Mortgage Corporation. The loan was later assigned to Residential Funding Company. When Nora stopped making loan payments, Residential Funding filed a foreclosure action in Wisconsin state court. *Residential Funding Company LLC v. Nora*, No. 2009CV001096 (Wis. Cir. Ct. Mar. 3, 2009). Nora vigorously opposed foreclosure. She argued (among other things) that Residential Funding lacked standing to seek foreclosure because, she alleged, the assignment was fraudulent and designed to avoid the effect of Aegis's pending bankruptcy, filed in 2007. *In re Aegis Mortgage Corporation*, No. 07-11119-BLS (Bankr. D. Del. Aug. 13, 2007). The Wisconsin court rejected those arguments for lack of evidence and entered a judgment of foreclosure. Nora did not appeal the judgment.

Nora then turned to federal district court, seeking damages on her already-rejected fraud claim and an award of "title to her home free and clear." She recast her allegations to include a conspiracy among the lenders and their lawyers to assign fraudulently her loan and the loans of thousands of other homeowners in order to "take the interest without liability for claims against prior mortgagees." She contends that the fraud violated the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1964, and Fair Debt Collection Practices Act, 15 U.S.C. § 1692k.

The district court concluded that Nora's attempt to undo the foreclosure and seek damages for fraud were inextricably intertwined with the state-court foreclosure judgment and thus barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The court also denied Nora's postjudgment motion to reconsider its dismissal and allow her to amend her complaint. The court explained the new evidence of fraud she offered (a deposition of one of the defendant lawyers) was cumulative of her earlier allegations of fraud. The court also rejected Nora's contention that because some of the defendants filed for bankruptcy in 2012 (before the court had dismissed the case) the automatic stay prevented dismissal.

Nora's scattershot appellate brief generally challenges the district court's *Rooker-Feldman* analysis, but her arguments are unavailing. The general rule is that district courts have no jurisdiction to adjudicate "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). District courts may, however, entertain claims of injuries that occurred before, *and* are independent of, the claim on which the state court rendered judgment. *Kelley v. Med-1*

*Solutions, LLC*, 548 F.3d 600, 603–04 (7th Cir. 2008); *Taylor v. Fed. Nat'l Mortgage Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004).

Nora's allegations of fraud and conspiracy fit the mold of the general rule and are therefore barred. By alleging that the fraudulent assignment to Residential Funding allowed it to succeed in foreclosing on her property in state court, Nora is impermissibly asking a federal district court to review and reject the state court's judgment of foreclosure of her property. Nora replies that she is seeking damages under federal statutes, not just the return of her home. But a request for review of a state-court foreclosure decision that includes a claim for damages based on charges of defrauding the state court does not elude *Rooker-Feldman*. *See Taylor*, 374 F.3d at 534; *Wright v. Tackett*, 39 F.3d 155, 157–58 (7th Cir. 1994). Moreover, Nora had the opportunity to raise—and did raise—her fraud allegations in the state foreclosure proceeding, where the court rejected them. Only the Supreme Court can review the Wisconsin court's rejection of those allegations in entering its judgment of foreclosure. *See Gilbert v. Ill. State Bd. of Educ.*, 591 F.3d 896, 901–02 (7th Cir. 2010).

Nora also challenges the district court's denial of her post-dismissal motion to present new evidence, amend her complaint, and invoke the automatic bankruptcy stay. A district court does not err in refusing to reopen a case when presented with only cumulative evidence that would not have changed the outcome of the case. *Serafinn v. Local 722, Int'l Bhd. of Teamsters*, 597 F.3d 908, 917 (7th Cir. 2010); *Jones v. Lincoln Elec. Co.*, 188 F.3d 709, 732 (7th Cir. 1999). As the district court observed, more evidence of the defendants' purported fraud would not lift the *Rooker-Feldman* bar. Likewise, allowing Nora to amend her complaint to include new details of the extent of the fraud would be similarly futile. *See Mehta v. Att'y Registration & Disciplinary Comm'n of the Supreme Court of Ill.*, 681 F.3d 885, 887–88 (7th Cir. 2012); *Sigsworth v. City of Aurora, Ill.*, 487 F.3d 506, 512 (7th Cir. 2007). Finally, the district court correctly turned aside Nora's argument that the automatic stay, prompted by the 2012 bankruptcy of some of the defendants, *see* 11 U.S.C. § 362, prevented the district court from dismissing the complaint for lack of jurisdiction. The automatic stay enjoins the initiation and continuation of a suit against bankrupt debtors, *id.* § 362(a)(1), not the non-merits termination of one. *See O'Donnell v. Vencor Inc.*, 466 F.3d 1104, 1108–09 (9th Cir. 2006); *Arnold v. Garlock Inc.*, 288 F.3d 234, 236–37 (5th Cir. 2002).

AFFIRMED.