In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2676

PNC BANK, N.A.,

*Plaintiff-Appellee,*

*v.*

SHEILA M. SPENCER,

*Defendant-Appellant,*

*and*

WENDY ALISON NORA,

*Appellant.*

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 13-cv-21-bbc — **Barbara B. Crabb**, *Judge.*

ARGUED AUGUST 5, 2014 — DECIDED AUGUST 13, 2014

Before BAUER, POSNER, and TINDER, *Circuit Judges.*

PER CURIAM. Sheila Spencer stopped paying her mortgage in 2008 and soon faced a foreclosure action in Wisconsin state court. The case progressed normally until Spencer retained attorney Wendy Nora, who adopted an object-to-

everything litigation strategy and buried the state court in a blizzard of motions. When a hearing on a summary judgment motion loomed in state court, Nora removed the case to federal court on several suspect grounds. Finding no objectively reasonable basis for removal, the district court remanded the case and awarded attorney's fees and costs to the mortgage lender. *See* 28 U.S.C. § 1447(c). Spencer and Nora both appeal the fees and costs award. We conclude that the appeal is frivolous. We dismiss Nora's appeal because the district court did not order her to pay anything. We affirm the district court's award as to Spencer because she has not offered even a colorable argument that removal was reasonable. We also order Nora to show cause why she should not be sanctioned for litigating a frivolous appeal.

**I.**

This was once a typical state-court foreclosure case. Spencer bought a house in Marshfield, Wisconsin in 2005 and took out a mortgage loan. She stopped making payments on the mortgage late in 2008, and the lender brought a foreclosure action in April 2009 in Wisconsin state court. The lender then merged with PNC Bank, N.A., which continued to pursue a foreclosure judgment. After Spencer filed for bankruptcy and received an automatic stay, PNC obtained relief from that stay, and the foreclosure case proceeded toward summary judgment. Two days before the scheduled summary judgment hearing, her attorney moved to withdraw, citing irreconcilable differences with Spencer.

Spencer then retained Nora to represent her, and Nora began objecting to everything on Spencer's behalf. For example, Nora asserted that the court lacked jurisdiction because PNC had not been substituted as a party properly; that

the judge, PNC's lawyers, and the court clerk had colluded to conceal the contents of a court order (she demanded that the judge recuse himself); that the court reporter had intentionally manipulated a hearing transcript at the judge's direction; that opposing counsel had inappropriately filed a "formal motion" for a hearing, rather than conferring via telephone; and that an opposing attorney's appearance should be stricken because, Nora argued, the case caption improperly identified PNC as a party. Although the substantive theory of the case seemed to evolve with each filing, Nora's core argument was that the party identified as the lender on the mortgage note was a "trade name," not a legal entity, so neither PNC nor anyone else had standing to sue based on the note. Nora's filings consisted of lengthy arguments unsupported by evidence. Despite Nora's objections the case moved forward, and in December 2012 the court scheduled a summary judgment hearing for the next March.

In January 2013, nearly four years after the suit was filed, Nora removed the case to federal court. She proposed various bases for removal, most of which she has abandoned on appeal. The only ground for removal she continues to stand behind is that federal jurisdiction existed under 28 U.S.C. § 1349 because the "real party in interest" is Freddie Mac, which is majority-owned by the federal government. (But that argument is peculiarly undermined by the notice of removal, which states that "[a]lthough Freddie Mac purchased the purported loan obligation, it neither owns nor holds the note and mortgage, which is the subject of these proceedings.") Nora says that she learned of Freddie Mac's interest in this case when her internet research disclosed that Freddie Mac had purchased the mortgage. Within 30 days of "discovering" Freddie Mac's role, she removed the case. *See* 28

U.S.C. § 1446(b)(3). PNC moved to remand the case and sought an award of fees and costs because none of the purported grounds for removal was objectively reasonable. *See id.* § 1447(c). Nora responded that removal was appropriate because PNC had submitted "sham pleadings" in the state court to "fraudulently conceal" Freddie Mac's role; she did not respond to PNC's request for fees and costs.

Finding no possible ground for removal, the district court remanded the case and awarded fees and costs to PNC. The court explained that the four-year wait to remove the case was "far too long" given the 30-day deadline for removal. *See* 28 U.S.C. § 1446(b)(1), (3). Acknowledging Nora's "not entirely clear" argument that the 30-day clock began to run once she "discovered" Freddie Mac's role, the court concluded that she did not explain how this "discovery" gave Spencer "the right to remove her case to federal court when [Freddie Mac] is not a named party to the suit." The court also granted PNC's request for attorney's fees and costs, noting that Spencer had not opposed that request.

Nora then filed a motion for reconsideration, expanding upon her arguments for removal and suggesting that the court had erroneously remanded the case on "the equitable grounds of laches." She devoted two sentences of her eight-page motion to challenging the fees and costs award, asserting that it "is completely inequitable for this court to order attorney's fees and costs of a proper removal proceeding." In opposition, PNC contended that the court lacked jurisdiction to reconsider its remand order and sought an additional award of fees and costs incurred in responding to this motion.

The district court denied the motion to reconsider for lack of jurisdiction, but awarded costs and fees related to the motion. Characterizing the motion to reconsider as "frivolous," the court wrote that Nora "ignored the voluminous law stating that district courts lack jurisdiction to reconsider remand orders, made no good faith argument for changing existing law and offered no meritorious arguments for reconsidering the decision to award fees." Further the motion presented "only a rehash of her previous arguments" and was the latest example of "repeated procedural feints to delay the foreclosure that was properly before the state court." Nonetheless, the court elaborated on its reasons for remanding the case. Although federal courts have jurisdiction over cases involving congressionally created corporations that are more than half-owned by the federal government, the court explained that Nora failed "to address the fundamental problem in her argument: Freddie Mac is not a party to this lawsuit." The court awarded PNC a total of $553.47 in costs and $4,375 in attorney's fees.

## II.

We begin by discussing whether this court has jurisdiction over Nora's appeal. We have jurisdiction over an appeal from a monetary award for an unreasonable removal, *see* 28 U.S.C. § 1447(c), even though we lack jurisdiction to review the remand itself, *see id.* § 1447(d); *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 409–10 (7th Cir. 2000). But we lack jurisdiction over Nora's appeal because she has no standing personally to appeal; liability for the award rests only with Spencer, not her attorney. *See Seymour v. Hug*, 485 F.3d 926, 929 (7th Cir. 2007). Nora contends in her jurisdictional memorandum that Judge Crabb "engaged in a campaign of libel

against Attorney Nora which will be addressed to the appropriate fora," but a judge's criticism of a lawyer—absent some monetary sanction—does not permit a lawyer to take an appeal. *See id.* When pressed on this issue at oral argument, Nora suggested that she would "withdraw [her] name as co-appellant," but she has not filed any motion to that effect. Accordingly, we dismiss the appeal as to Nora.

On the merits of Spencer's appeal, Nora argues that it was reasonable to remove the case under 28 U.S.C. § 1349 because Freddie Mac was the "real party in interest," so the district court should not have awarded fees and costs. This argument is baseless. As the court correctly concluded, Freddie Mac is not a party, so § 1349—which refers to actions "by or against" a congressionally created corporation—does not create federal jurisdiction. Nora nonetheless insists that because Freddie Mac purchased the mortgage, it is the "real party in interest" and PNC's suing in its own name was fraudulent. She offers no legal authority supporting this proposition, which is wrong for several reasons. First, since PNC is the holder of the mortgage note, PNC is entitled to enforce it. *See* WIS. STAT. § 403.301; *PNC Bank, N.A. v. Bierbrauer*, 827 N.W.2d 124, 126–27 (Wis. Ct. App. 2012). Second, the Supreme Court has rejected the theory that the federal courts, when assessing their jurisdiction, should look beyond the pleadings to discover unnamed real parties in interest. *See Lincoln Property Co. v. Roche*, 546 U.S. 81, 92–93 (2005). Third, Nora effectively conceded that Freddie Mac could not have been a proper party when she acknowledged in the notice of removal that "Freddie Mac purchased the purported loan obligation [but] neither owns nor holds the note and mortgage." Because there was no objectively reasonable basis for federal jurisdiction or for removal, the dis-

trict court did not abuse its discretion in awarding fees and costs to PNC. *See* 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139–41 (2005); *Tenner v. Zurek*, 168 F.3d 328, 329–30 (7th Cir. 1999).

Nora also raises a host of weak arguments about what she perceives as procedural problems with the district court's award. She asserts, for example, that "a due process issue arises" when a party requests fees and costs in a motion to remand, rather than in a separate motion. But a request for fees and costs may be made in a motion to remand itself. *See Stallworth v. Greater Cleveland Reg'l Transit Auth.*, 105 F.3d 252, 257 (6th Cir. 1997). She also complains that the district court awarded fees and costs based on her failure to respond to the fee request, without addressing whether removal was objectively reasonable. But the district court's order explained why it deemed the removal objectively unreasonable and why Nora's jurisdictional theories lacked merit. Finally, Nora contends that the court lacked jurisdiction to award attorney's fees and costs stemming from her motion to reconsider the remand. But even after remanding a case to state court, a district court retains jurisdiction to decide collateral matters like fee awards. *See, e.g., Wisconsin v. Hotline Indus., Inc.*, 236 F.3d 363, 365 (7th Cir. 2000); *Bryant v. Britt*, 420 F.3d 161, 165–66 (2d Cir. 2005) (collecting cases).

In sum, this appeal is frivolous, and we are troubled by Nora's conduct in this litigation. Because Nora has never presented any colorable basis for federal jurisdiction over this years-old state-court foreclosure case, we suspect that the removal was part of a strategy designed to gum up the progress of the case. (Recall, too, the flood of motions Nora filed soon after her appearance in state court.) Nora has a

history of engaging in this kind of tactic: In 1990 Nora was suspended indefinitely from the practice of law in Minnesota because, in addition to other unethical activities, she sued a bank based on a legal theory that surpassed "the imaginative into the depths of absurdity." *In re Nora*, 450 N.W.2d 328, 330 (Minn. 1990) (internal quotation omitted). In the Minnesota court's view, Nora litigated the frivolous suit "to buy time and to delay efforts to recover certain farm land, and success on the merits was never anticipated." *Id.* (Nora was reinstated to the Minnesota bar in 2007.) In addition, her responses in this litigation to her opponent's legitimate arguments or courts' adverse rulings have been unnecessarily accusatory and antagonistic: Nora has accused the state court judge and court reporter of fraudulently manipulating transcripts, the district judge of pursuing "a campaign of libel against [her]," and opposing counsel of engaging in "actionable civil fraud and racketeering [that] may constitute state and federal criminal misconduct." Finally, this is not the first time Nora has litigated a meritless appeal in this court. *See Nora v. Residential Funding Co.*, 543 F. App'x 601 (7th Cir. 2013); *In re Nora*, 417 F. App'x 573 (7th Cir. 2011).

Therefore, we order Nora to show cause why she should not be sanctioned for pursuing this frivolous appeal, *see* Fed. R. App. P. 38, and why she should not be disciplined for conduct unbecoming a member of the bar, *see id.* 46(c). Her response is due within 30 days from the date of this decision.

Finally, PNC requests an award of costs and fees incurred in litigating this appeal. "[L]itigants who receive an award of fees in the district court under § 1447(c) automatically receive reimbursement for the expense of defending that award on appeal." *MB Fin., N.A. v. Stevens*, 678 F.3d 497,

500 (7th Cir. 2012). Therefore, PNC is entitled to an award of "legal fees for the cost of work reasonably performed in defense of the district court's decision." *Id.* PNC has 14 days from the date of this decision to submit a statement of those fees; the appellants will have 14 days to respond.

**III.**

Accordingly, we AFFIRM the judgment as to Spencer, DISMISS Nora's appeal, and ORDER Nora to show cause why she should not be sanctioned.