In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-2676

IN RE:
WENDY A. NORA,

Appeal from the United States District Court for the
Western District of Wisconsin.
No. 3:13-cv-00021-bbc — **Barbara B. Crabb**, *Judge*.

SHOW CAUSE HEARING OCTOBER 28, 2014 — DECIDED
FEBRUARY 11, 2015

Before BAUER, POSNER, and TINDER, *Circuit Judges*.

TINDER, *Circuit Judge*. On August 13, 2014, we ordered attorney Wendy Nora to show cause why she should not be sanctioned for pursuing a frivolous appeal, *see* Fed. R. App. P. 38, and why she should not be disciplined for conduct unbecoming a member of the bar, *see id.* 46(c). *PNC Bank, N.A. v. Spencer*, 763 F.3d 650, 655 (7th Cir. 2014). For the reasons that follow, we now impose a sanction of $2,500 but suspend the sanction until such time, if ever, that Nora submits additional frivolous or needlessly antagonistic filings.

## I.      Background

As discussed in our earlier opinion, this case arose from a Wisconsin foreclosure action in which Nora, retained by Sheila Spencer, raised numerous objections focused on alleging that PNC Bank was fraudulently attempting to foreclose. Nearly four years after the suit had been filed, Nora then removed the case to federal court on the basis that she had just discovered through internet research that Freddie Mac was the "real party in interest." The district court remanded the case to state court and awarded fees and costs to PNC, concluding that Nora failed to explain how federal jurisdiction could exist when Freddie Mac was not a party to the case. Nora moved for reconsideration, and the court denied the motion as "frivolous," noting that Nora "ignored the voluminous law stating that district courts lack jurisdiction to reconsider remand orders, made no good faith argument for changing existing law and offered no meritorious arguments for reconsidering the decision to award fees." The court added that Nora had attempted "repeated procedural feints to delay the foreclosure that was properly before the state court."

Nora then appealed on behalf of both Spencer and herself, and we concluded that the appeal was sanctionably frivolous. We explained that Nora had "never presented any colorable basis for federal jurisdiction over this years-old state-court foreclosure case," leading us to "suspect that the removal was part of a strategy designed to gum up the progress of the case." *Spencer*, 763 F.3d at 655. We also observed that we lacked jurisdiction over Nora's appeal on her own behalf because liability for the award of fees and costs rested

solely with Spencer; although Nora asserted that Judge Crabb had "engaged in a campaign of libel against [her]," this alleged criticism did not permit Nora to appeal. *Id.* at 653–54. Nora suggested at oral argument that she would withdraw her name as co-appellant but never did so. *Id.* at 654.

Further, we noted that Nora's conduct appeared to be part of a pattern of troubling litigation tactics. We observed that Nora had been suspended indefinitely from practicing law in Minnesota (though later reinstated) for conduct similar to her actions in this case: making frivolous arguments, with no prospect of success, in an effort to delay foreclosure of her clients' farm land. *See In re Nora*, 450 N.W.2d 328, 330 (Minn. 1990). Additionally, we observed that Nora's responses to her opponents and the courts during this litigation were "unnecessarily accusatory and antagonistic," noting that Nora had accused "the state court judge and court reporter of fraudulently manipulating transcripts, the district judge of pursuing 'a campaign of libel against [her],' and opposing counsel of engaging in 'actionable civil fraud and racketeering [that] may constitute state and federal criminal misconduct.'" *Spencer*, 763 F.3d at 655 (alterations in original). We gave Nora 30 days to show cause why she should not be sanctioned.

Two days after we issued our opinion, Nora filed a 14-page "initial response" alleging that the opinion did not provide her with reasonable notice of the charges against her. She requested an evidentiary hearing and appointment of "an attorney to represent the proponent of the Order to Show Cause and a referee or special master to preside at the hearing." We denied Nora's request for appointment of a

special master and a full evidentiary hearing but agreed to hold a hearing on the show-cause order as allowed under Rule 46(c). We warned Nora that we would not accept additional filings beyond "one proper response to the show-cause order" and directed her to address the following four issues in her response: (1) whether the removal of this case, motion to reconsider, and appeal of the fee order were frivolous; (2) whether her appeal on her own behalf was frivolous; (3) whether the removal and appeal were litigated for the improper purposes of delay or increasing litigation costs; and (4) whether her attacks on her opponents and the district judge were appropriate advocacy.

Nora did not limit herself to one proper response. On September 2, 2014, she submitted a petition for rehearing en banc on behalf of herself and Spencer, rehashing her frivolous appellate arguments. On September 19, she filed both a "partial response to order to show cause (all rights reserved)" and a separate motion to stay further proceedings pending a petition for writ of certiorari. On October 3, after the court denied her request for a stay of proceedings, she filed a citation of additional authority under Circuit Rule 28(e) to bring to our attention a Sixth Circuit decision that purportedly supports her arguments on the merits. Finally, on October 17, eleven days before the show cause hearing, Nora moved to postpone the hearing because she had become "progressively mildly cognitively impaired as the result of a whiplash injury" from a car accident on September 13. We denied the request to postpone the hearing but granted Nora, or an attorney on her behalf, leave to argue by speakerphone. On October 28, Nora appeared in person for a 20-minute hearing.

## II. Discussion

In responding to our earlier opinion, Nora has dug in her heels and continues to press the same arguments that were thoroughly rejected in the district court and our earlier opinion. Nora spends much of her response quoting portions of our earlier opinion and arguing that she could prove them wrong if given an evidentiary hearing. She made the same argument at her hearing. But Nora fails to specify what evidence she would present to undermine our opinion; she merely declares—without citation to the record—that a dozen different statements in our opinion were "false." These contentions do nothing to justify the removal, motion to reconsider, and appeal in this case. She also argues that she properly appealed on her own behalf because "the effect of the district court decision was to require her to indemnify Ms. Spencer." But as we explained in our earlier opinion, the award was against Spencer, not Nora, and Nora has not shown that she agreed to indemnify Spencer.

Nora also argues that, by depriving her of an evidentiary hearing, we violated her constitutional right to due process, citing *In re Ruffalo*, 390 U.S. 544 (1968). That argument is frivolous. *Ruffalo* holds that an attorney must receive fair notice of adverse charges and an opportunity to respond before being disciplined. *Id.* at 550; *see Lightspeed Media Corp. v. Smith*, 761 F.3d 699, 704 (7th Cir. 2014). These requirements were satisfied here through our opinion and subsequent order describing our concerns, and our allowance of time to respond and a hearing.

Sanctions are warranted under Rule 38 when a litigant or attorney presents appellate arguments with no reasonable expectation of success for the purposes of delay, harassment,

or sheer obstinacy. *See Wachovia Sec., LLC v. Loop Corp.*, 726 F.3d 899, 909–10 (7th Cir. 2013); *Hartz v. Friedman*, 919 F.2d 469, 475 (7th Cir. 1990); *Mays v. Chi. Sun-Times*, 865 F.2d 134, 138–39 (7th Cir. 1989). Nora's responses provide us with no persuasive reason to doubt that her arguments in this appeal were motivated by improper purposes. We note that this is far from the only case—from the last two years alone— where Nora has raised frivolous and unsupported allegations of fraudulent mortgage documents. *See In re Residential Capital, LLC*, No. 12-12020 (MG), 2013 WL 6227582, at *2 (Bankr. S.D.N.Y. Nov. 27, 2013) (concluding that "[a]lmost everything asserted in the [Response Nora filed] is frivolous" as "most of the Response contains unsupported allegations of fraud and various constitutional violations"); *Rinaldi v. HSBC Bank USA, N.A.*, Nos. 13-CV-336-JPS, 13-CV-643-JPS, 2013 WL 5876233, at *9--10 (E.D. Wis. Oct. 31, 2013) (rejecting numerous claims against a mortgage as lacking "any arguable basis" and noting that Nora's briefs were "almost unintelligible"); *In re Schmid*, 494 B.R. 737, 752 (Bankr. W.D. Wis. 2013) (rejecting fraud allegations as based on Nora's opinions drawn "without the benefit of a factual or legal basis"); *see also Van Stelton v. Van Stelton*, 994 F. Supp. 2d 986, 994 (N.D. Iowa 2014) (refusing to dismiss abuse-of-process claim alleging that plaintiffs represented by Nora brought lawsuit for improper purposes).

Nora also fails to alleviate our concern about her engaging in "conduct unbecoming a member of the court's bar" under Rule 46(c). She contends that her comments during this litigation have amounted to nothing more than unsanctionable rudeness, citing *In re Snyder*, 472 U.S. 634 (1985). In *Snyder*, the Supreme Court concluded that a single ill-mannered letter did not rise to the level of "conduct inimical

to the administration of justice" that is sanctionable under Rule 46(c). *Id.* at 645–47; *see In re Lightfoot*, 217 F.3d 914, 916–17 (7th Cir. 2000) (discussing this standard and collecting cases applying it). But Nora's conduct is more egregious than that in *Synder*. As noted in our earlier opinion, Nora has repeatedly acted with needless antagonism toward opposing counsel and judicial officers. In her responses to our order to show cause, she has refused to back down from her accusations of libel against Judge Crabb and "actionable civil fraud and racketeering" against opposing counsel. She denies accusing the state court judge of altering transcripts, but the record belies her denial: she not only made the accusations but moved for substitution of the judge on that basis. She also now derides "this panel and many of the judges in this circuit" as being biased "against homeowners' rights to be heard and defend their homes." This bandying about of serious accusations without basis in law or fact is unacceptable and warrants sanctions. *See In re Hendrix*, 986 F.2d 195, 201 (7th Cir. 1993) (explaining that attorney's filing of submissions not grounded in law or fact is sanctionable); *Mays*, 865 F.2d at 140 (sanctioning attorney for falsely imputing positions on opponents and the court).

Nora suggested at her hearing that her problems represent a personal dispute with Judge Crabb, pointing out that the judge decided to unseal Nora's medical records in an appeal Nora filed in her own bankruptcy case. But Nora has failed to persuade us that the judge's actions amounted to anything more than adverse rulings against her. *Cf. Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."). Moreover, we affirmed Judge Crabb's dismissal of that case for failure to prosecute, agreeing that

Nora had unjustifiably prolonged the proceedings by claiming to be "totally disabled" even though she continued to actively litigate. *See In re Nora*, 417 F. App'x 573, 575–76 (7th Cir. 2011). When we questioned Nora about the lack of basis for her libel accusations at the hearing in this case, she proposed that she could substantiate her accusations if allowed to discuss them with us in chambers. There is no reason to believe that allowing Nora to disparage Judge Crabb in private would convince us that sanctions are inappropriate.

Furthermore, a review of Nora's other recent litigation makes clear that she has a pattern of engaging in this type of antagonistic behavior. The chief bankruptcy judge of the Western District of Wisconsin criticized Nora this past summer for repeatedly disregarding the judge's instructions about the court's jurisdictional and constitutional limits. *In re Bechard*, Bankr. No. 14-11862-13, 2014 WL 3671419, at *6 (Bankr. W.D. Wis. July 21, 2014). Nora then challenged that decision through a petition for a writ of mandamus, arguing that the judge had issued the decision for the sole purpose of defaming her. *Nora v. Furay*, No. 14-cv-527-jdp, 2014 WL 4209608 (W.D. Wis. Aug. 25, 2014). The district court found that the judge's "stern, but restrained, criticism" of Nora had been "well within the bounds of propriety and civility," though "Nora's petition [was] not." *Id.* at *3 n.7. Additionally, Nora was recently sanctioned $1,000 by another district judge in this circuit for ignoring the judge's "extremely clear warning" against filing frivolous submissions. *Rinaldi*, Nos. 13-CV-336-JPS, 13-CV-643-JPS, ECF Doc. 48, at 3 (E.D. Wis. Apr. 9, 2014). Earlier in that case, the judge observed that, as in this case, Nora had "*at every turn* filed briefs that ha[d] done little to clarify the matters under consideration while further confusing matters," noting that Nora's filings lacked

coherent focus, cited controlling legal authority sparingly if at all, rehashed rejected arguments, and contained "irrelevant and argumentative language that has no place in a legal brief." *Rinaldi*, Nos. 13-CV-336-JPS, 13-CV-643-JPS, ECF Doc. 37, at 2 (E.D. Wis. Dec. 13, 2013). We affirmed that sanction on appeal. *Rinaldi v. HSBC USA, N.A.*, Nos. 13-3865, 14-1887 (7th Cir. Feb. 11, 2015). There is also a pending disciplinary case against Nora in Wisconsin. *See Office of Lawyer Regulation v. Nora*, No. 2013AP000653-D (Wis. filed Mar. 20, 2013).

Because the $1,000 sanction imposed in *Rinaldi* does not appear to have deterred Nora from continuing to submit frivolous and needlessly antagonistic filings, we now impose an increased sanction of $2,500. We suspend this sanction, however, until the time, if ever, that Nora submits further inappropriate filings. We also direct the clerk of this court to forward a copy of this order and our earlier opinion to the Office of Lawyer Regulation of the Wisconsin Supreme Court.