In the

# United States Court of Appeals

## For the Seventh Circuit

No. 18-2809

JACKSON COUNTY BANK,

*Plaintiff-Appellee,*

*v.*

MATHEW R. DUSABLON,

*Defendant-Appellant.*

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:18-cv-01346 — **Sarah Evans Barker**, *Judge.*

ARGUED JANUARY 14, 2019 — DECIDED FEBRUARY 6, 2019

Before WOOD, *Chief Judge*, and BRENNAN and ST. EVE, *Circuit Judges*.

ST. EVE, *Circuit Judge*. Jackson County Bank sued its former employee, Mathew R. DuSablon, in Indiana state court, asserting various state law claims, including theft of property and breach of contract. Following his unsuccessful motion to dismiss, DuSablon removed the case to federal court. The district court remanded the case to state court for want of jurisdiction and untimely removal and further ordered DuSablon

to pay the costs and fees for the wrongful removal. DuSablon now appeals the remand order and the district court's imposition of sanctions. We dismiss the appeal of the district court's remand order and affirm its award of costs and fees.

## I. Background

Jackson County Bank ("JCB") is an Indiana state-chartered bank. Although not a registered broker-dealer, JCB had a third-party agreement with INVEST Financial Corporation, a registered broker-dealer, to offer securities to JCB customers.

Mathew R. DuSablon, who resides in Indiana, began working for JCB in 2007. In July 2017, JCB assigned DuSablon to assist the bank in identifying and establishing an investment business with a new third-party broker-dealer. DuSablon, however, failed to perform his job and abruptly resigned on January 8, 2018. JCB thereafter learned that DuSablon had transferred customers' accounts from JCB's former third-party broker-dealer, INVEST, into his own name and had started a business to compete with JCB.

On February 28, 2018, JCB filed suit in Indiana state court, seeking a preliminary injunction and asserting state-law claims against DuSablon, including violation of the Indiana Uniform Trade Secrets Act, breach of contract, breach of fiduciary duty, tortious interference, unfair competition, civil conversion, and computer trespass. DuSablon moved to dismiss, arguing with references to federal law that JCB is an unlicensed broker-dealer and therefore lacks standing to enforce its rights in the information at issue; and that Financial Industry Regulatory Authority, Inc. ("FINRA") rules bar the suit. JCB responded that it had standing and is not subject to FINRA rules. The court denied the motion on April 20, 2018.

Days later, on May 2, 2018, DuSablon removed this case to the United States District Court for the Southern District of Indiana, asserting that the federal district court "has exclusive jurisdiction pursuant to 15 U.S.C. § 78aa and the Securities and Exchange Act of 1934." Acknowledging that JCB did not plead a federal claim, DuSablon contended that JCB's response to his motion to dismiss in state court "raises a federal question as all of [JCB's] claims against [DuSablon] rest upon the legality of direct participation in the securities industry which is determined and regulated by the [Securities] Act."

On May 11, 2018, JCB moved to remand for lack of jurisdiction, and also argued, among other things, that DuSablon used the removal statute inappropriately to postpone preliminary injunction proceedings in state court and "run the clock" on his non-compete. The district court granted the motion, concluding that it lacked jurisdiction and that the removal was untimely. The district court accordingly remanded the case to state court and additionally ordered DuSablon to pay JCB costs and fees of $9,035.61 under 28 U.S.C. § 1447(c).

## II. Discussion

DuSablon appeals the district court's remand and sanctions orders. JCB, for its part, requests additional costs and fees under § 1447(c) for its defense of this appeal.

DuSablon challenges the district court's order remanding this case to state court. But "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise," subject to exceptions not pertinent here. 28 U.S.C. § 1447(d); *see also PNC Bank, N.A. v. Spencer*, 763 F.3d 650 (7th Cir. 2014) (per curiam). We therefore dismiss this aspect of DuSablon's appeal for lack of jurisdiction. *See*

*Adkins v. Illinois Cent. R.R. Co.*, 326 F.3d 828, 834 (7th Cir. 2003) ("[T]he rule of nonreviewability … in § 1447(d) means that even remands based on an erroneous belief in the lack of federal subject matter jurisdiction cannot be reviewed….").

DuSablon next challenges the district court's award of costs and fees to JCB pursuant to 28 U.S.C. § 1447(c). This we can review. *See, e.g.*, *Garbie v. DaimlerChrysler Corp.*, 211 F.3d 407, 409–10 (7th Cir. 2000) (holding that an appellate court has jurisdiction to review sanctions under § 1447(c)). Under § 1447(c), "'[a]n order remanding a removed case to state court 'may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.'" *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 134 (2005) (quoting 28 U.S.C. § 1447(c)). A district court may award fees under § 1447(c) where "the removing party lacked an 'objectively reasonable basis'" for seeking removal. *Wolf v. Kennelly*, 574 F.3d 406, 411 (7th Cir. 2009) (quoting *Martin*, 546 U.S. at 141). Sanctions may be awarded when removal is clearly improper, *id.*, but not necessarily frivolous, *Martin*, 546 U.S. at 138–40 (further explaining the rationale for fee-shifting in appropriate cases).

We review a district court's decision to award sanctions for abuse of discretion. *See Wolf*, 574 F.3d at 410. And here, we find no abuse of discretion, as we agree that DuSablon lacked an objectively reasonable basis to remove this case to federal court. The impropriety of removal, as the district court observed, was "not a close question." JCB did not plead any federal claim nor is any federal question apparent from the face of its complaint. *See Bastien v. AT&T Wireless Servs, Inc.*, 205 F.3d 983, 986 (7th Cir. 2000). The complaint is based entirely on state law and any potential federal defense cannot form the

basis for removal. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Studer v. Katherine Shaw Bethea Hosp.*, 867 F.3d 721, 723 (7th Cir. 2017).

DuSablon nonetheless argues that JCB's state law claims involve significant questions of federal securities laws. But DuSablon cannot manufacture a basis for removal by injecting federal issues into a case under these circumstances. *See Panther Brands, LLC v. Indy Racing League, LLC*, 827 F.3d 586, 589 (7th Cir. 2016) (holding in a breach of contract action that an allegation that a defendant violated federal statutes is insufficient to create subject-matter jurisdiction). This is particularly so because, as the district court observed, DuSablon cited no cases supporting his position nor attempted to apply controlling law, namely *Grable & Sons Metal Prods., Inc. v. Darue Eng'r & Mfg.*, 545 U.S. 308, 314–15 (2005) (invoking federal jurisdiction over state law claim to quiet title to property seized by federal government where the validity of the seizure was "the only legal or factual issue[] in the case").

Other considerations support the district court's exercise of discretion. The first is the court's finding that "DuSablon's conduct in defending the motion to remand" suggested that "removal was undertaken at least in part to delay a resolution of the noncompete issues to his benefit and to allow for a second bite at the apple after losing his motion to dismiss in state court." We see no clear error in this finding. The second consideration is the untimeliness of DuSablon's removal. Despite his claimed ignorance of the supposed substantial federal question until JCB responded to his motion to dismiss, DuSablon's motion itself raised many issues of federal law. The district court properly determined that DuSablon was or should

have been aware of his asserted grounds for removal more than 30 days prior to his notice of removal.

Accordingly, the district court did not abuse its discretion in determining that DuSablon lacked an objectively reasonable basis to remove the case to federal court.

Finally, JCB requests an award of costs and fees incurred in defending this appeal.[1] "[L]itigants who receive an award of fees in the district court under § 1447(c) automatically receive reimbursement for the expense of defending that award on appeal." *MB Fin., N.A. v. Stevens*, 678 F.3d 497, 500 (7th Cir. 2012). JCB is therefore "entitled to an award of 'legal fees for the cost of work reasonably performed in defense of the district court's decision.'" *PNC Bank*, 763 F.3d at 655 (quoting *M.B. Fin.*, 678 F.3d at 500). JCB has fourteen days from the date of this decision to submit a statement of fees. DuSablon will have fourteen days to respond.

### III. Conclusion

We **DISMISS** the appeal of the district court's remand order and **AFFIRM** its award of costs and fees.

---

[1] In its brief, JCB also requests fees under Federal Rule of Appellate Procedure 38. But JCB did not file a separate motion under Rule 38, so we deny its request. *See Vexol, S.A. de C.V. v. Berry Plastics Corp.*, 882 F.3d 633, 638 (7th Cir. 2018) (denying request for sanctions where party did not submit a "'separately filed motion'" for sanctions) (quoting FED. R. APP. P. 38).