In the

# United States Court of Appeals

## For the Seventh Circuit

_____

Nos. 18-1866 & 18-1889

IN THE MATTER OF:

STEVEN ROBERT LISSE,

*Debtor*.

APPEALS OF:

WENDY ALISON NORA

_____

Appeals from the United States District Court for the
Western District of Wisconsin.
No. 16-cv-617-wmc — **William M. Conley**, *Judge*.

_____

ARGUED JANUARY 14, 2019 — DECIDED APRIL 1, 2019

_____

Before WOOD, *Chief Judge*, and BRENNAN and ST. EVE, *Circuit Judges*.

BRENNAN, *Circuit Judge*. Attorney Wendy Alison Nora appeals a decision requiring her and her client to pay damages and costs related to this bankruptcy litigation, as well as an order suspending her from the practice of law in the Western District of Wisconsin. These appeals, unfortunately, are not Nora's first encounter with attorney discipline. *See, e.g., In re*

*Disciplinary Action against Nora*, 450 N.W.2d 328 (Minn. 1990); *In re Disciplinary Proceedings against Nora*, 495 N.W.2d 99 (Wis. 1993); *In re Rinaldi*, 778 F.3d 672 (7th Cir. 2015); *In re Nora*, 778 F.3d 662 (7th Cir. 2015); *In re Disciplinary Proceedings against Nora*, 909 N.W.2d 155 (Wis. 2018). While we hope this will be her last such encounter, her serial dilatory, vexatious, and unprofessional litigation practices lead us to affirm the district court's orders. In addition, Nora's frivolous motion practice and legal arguments in these appeals lead us to lift the suspension of our previous monetary sanction against Nora.

## I. Background

Proceedings in multiple venues are relevant to these appeals, including each level of the Wisconsin state court system, two Chapter 13 petitions in federal bankruptcy court, and two bankruptcy appeals in the district court. Because the procedural history is pertinent to resolving Nora's appeals, we detail it below.

### A. Wisconsin Foreclosure Action

Steven and Sondra Lisse refinanced their home in 2006, taking out a new mortgage and signing a corresponding note. The Lisses fell behind on their payments, and an entity controlled by HSBC Bank USA, N.A. filed a foreclosure action in Dane County Circuit Court in 2010.[1]

Four years later, HSBC moved for summary judgment. In response, the Lisses asked the court for additional discovery that they hoped would demonstrate HSBC could not enforce

---

[1] The prolix name of the entity is HSBC Bank USA, National Association for the Benefit of Ace Securities Corp. Home Equity Loan Trust, Series 2006-NC3, Asset Backed Pass-Through Certificates. For simplicity, this opinion refers to appellee as HSBC.

its note. The court denied the Lisses' request and awarded HSBC summary judgment on its foreclosure claim. The Wisconsin Court of Appeals affirmed that decision. *HSBC Bank USA v. Lisse*, 877 N.W.2d 650 (Wis. Ct. App. Feb. 4, 2016) (unpublished table decision).

### B.  *Chapter 13 Bankruptcy Petitions*

Approximately six weeks after the Wisconsin Court of Appeals' affirmance, Steven Lisse (by attorney Nora) filed a Chapter 13 bankruptcy petition in the Western District of Wisconsin. As a result, the Wisconsin Supreme Court extended the Lisses' deadline to petition for review of the foreclosure judgment. Order, *HSBC Bank USA v. Lisse*, No. 2015AP273 (Wis. Apr. 7, 2016).[2] The practical effect was to postpone HSBC's foreclosure on the Lisses' home as long as bankruptcy proceedings remained pending in federal court.

Nora submitted a Chapter 13 plan for Steven Lisse that proposed the Lisses would make their monthly mortgage payments to Nora's trust account while the bankruptcy court conducted an adversary proceeding to identify the entity entitled to the money. HSBC objected, noting it already litigated its claim to judgment in the Wisconsin courts.

---

[2] Nora acknowledged the purpose of Steven Lisse's bankruptcy petition was to extend the Lisses' deadline to appeal in state court: "Mr. Lisse's emergency Petition was necessary to preserve his right to file a Petition for Review to the Wisconsin Supreme Court from the decision of the Wisconsin Court of Appeals entered on March 8, 2016 which denied his Motion for Reconsideration." Motion for Extension of Time to File Schedules at ¶5, *In re Steven Robert Lisse*, No. 3:16-109235-cjf (Bankr. W.D. Wis. Apr. 3, 2016), ECF No. 9.

After the bankruptcy court held a confirmation hearing, it rejected Nora's proposed plan and *sua sponte* dismissed the case without leave to amend. The bankruptcy court concluded, "[T]his clearly is an opportunity or this plan shows all the earmarks of being an effort to continue a fight, which could be made and was made in the state foreclosure action, in the Bankruptcy Court." Transcript of Final Hearing on Chapter 13 Plan at 51–52, *In re Steven Robert Lisse*, No. 3:16-10935 (Bankr. W.D. Wis. July 18, 2016), ECF No. 84. The bankruptcy judge found the plan improper, citing *In re Schaitz*, 913 F.2d 452 (7th Cir. 1990), "because the purpose for filing the plan is not to pay the creditor but to thwart paying the creditor." *Id*. at 52. Nora filed an appeal to the district court on behalf of Steven Lisse, challenging HSBC's standing, arguing HSBC's note was a forgery, and accusing HSBC's counsel of fraud on the court.

Five days after the bankruptcy court dismissed Steven Lisse's petition, Nora filed a separate Chapter 13 petition on behalf of his wife, Sondra Lisse. This again extended the Lisses' deadline in the Wisconsin Supreme Court. Order, *HSBC Bank USA v. Lisse*, No. 2015AP273 (Wis. July 28, 2016). Nora's proposed Chapter 13 plan for Sondra Lisse was similar to the one the bankruptcy court had just rejected in Steven Lisse's case. HSBC moved to dismiss the petition for lack of good faith, arguing Nora filed it with the sole intent to delay the final disposition of the Wisconsin foreclosure action. HSBC also sought relief from the automatic stay.

Nora responded by moving for sanctions, claiming HSBC's *Rooker-Feldman* and preclusion arguments were frivolous and accusing HSBC's counsel of "completely desecrating the integrity of these proceedings." Motion for

Noncompliance with Discovery at 10, No. 3:16-12556-cjf (Bankr. W.D. Wis. Dec. 7, 2016), ECF No. 59. The bankruptcy court rejected Nora's sanctions arguments entirely. *In re Sondra Kay Lisse*, 567 B.R. 813, 819 (Bankr. W.D. Wis. 2017) (finding "no basis" to grant the motion). It also lifted the automatic stay, noting the Wisconsin foreclosure judgment precluded Nora's arguments that HSBC's note was forged.

After these procedural rulings, Nora filed three appeals to the district court and moved to voluntarily dismiss Sondra Lisse's petition pending resolution of the appeals, which the district court granted. With both bankruptcy cases dismissed (although on appeal), the Lisses filed their petition for review with the Wisconsin Supreme Court—13 months after the Wisconsin Court of Appeals affirmed the foreclosure judgment. Petition for Review, *HSBC Bank USA v. Lisse*, No. 2015AP273 (Wis. Mar. 23, 2017).

### C. *Bankruptcy Appeals to the District Court*

Nora began Steven Lisse's bankruptcy appeal by filing a document accusing HSBC and its counsel (by name) of federal crimes, including bankruptcy fraud under 18 U.S.C. § 157. Next, she asked the district court to order HSBC to "conventionally file" its original note with the clerk of court, as evidence of "criminal misconduct." Shortly thereafter, Nora moved to stay the deadline for Steven Lisse's merits brief, citing HSBC's purportedly "ambiguous and contradictory" record designations. Then, in a motion requesting summary reversal, Nora again accused HSBC and its counsel of perpetrating a fraud on the courts by presenting forged documents.

Following this initial burst of activity, Steven Lisse's appeal lay dormant for almost a year. Finally, on August 23,

2017, HSBC requested dismissal for failure to prosecute. This prompted the district court to set an October 2, 2017 deadline for Nora's opening brief on the merits.

Nora filed a motion to stay the appeal ten days later, citing the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*,[3] and a physician's recommendation that Nora take a leave from practicing law. Despite expressing some skepticism as to Nora's motives—noting her "history of frivolous and dilatory tactics" and efforts to "drag[ ] out the briefing on the merits by satellite skirmishes"—the district court granted a three-month stay. Order, *Lisse v. HSBC Bank USA*, No. 3:16-00617-wmc (W.D. Wis. Sept. 21, 2017), ECF No. 42. It did, however, stress that "[n]o further extensions will be granted to Attorney Nora absent new, extraordinary circumstances." *Id.* Nora later testified that she continued to practice law for other clients in other matters during the three-month stay.[4]

The day after the district court stayed Steven Lisse's bankruptcy appeal, the Wisconsin Supreme Court denied the Lisses' petition to review the foreclosure judgment. *HSBC*

---

[3] Nora's invocation of the ADA is noteworthy, given that she previously sued a Wisconsin circuit judge in federal court for alleged ADA violations in depriving her of medical accommodations by not granting her deadline extensions. Complaint, *Nora v. Colas*, No. 10-cv-709-bbc (W.D. Wis. Nov. 15, 2010), ECF No. 1. In its decision suspending Nora's Wisconsin law license (discussed later in this opinion), the Wisconsin Supreme Court found that lawsuit "was clearly pursued in an attempt to harass or maliciously injure" the judge. *In re Disciplinary Proceedings against Nora*, 909 N.W.2d at 164.

[4] Nora has previously engaged in similar inconsistent behavior. *See, e.g.*, *In re Nora*, 417 Fed. App'x 573, 574 (7th Cir. 2011) ("At the same time that she told the district judge that she was 'totally disabled' from litigating, Nora was actively litigating in the bankruptcy court.").

*Bank USA v. Lisse*, 904 N.W.2d 124 (Wis. Sept. 22, 2017) (un-published table decision). As a result, in December 2017, HSBC began moving forward with a foreclosure sale in Dane County Circuit Court.

With respect to Sondra Lisse's appeal, on December 5, 2017, the district court affirmed the bankruptcy court's rulings. *Lisse v. Select Portfolio Serv., Inc.*, No. 17-cv-206-jdp, 2017 WL 6021316 (W.D. Wis. Dec. 5, 2017). It held that the preclusive effect of the Wisconsin foreclosure judgment defeated Nora's challenges to the note's authenticity and provided HSBC with standing to object to Sondra Lisse's proposed Chapter 13 plan. *Id.* at *7. Also, the district court concluded the "appeal, like the bankruptcy litigation, plainly lacks merit and was wastefully presented." *Id.* at *8.[5] Nora asked the district court to reconsider, but the district court declined. *Lisse v. Select Portfolio Serv., Inc.*, No. 17-cv-206-jdp, 2018 WL 840157, at *3 (W.D. Wis. Feb. 12, 2018) (finding Nora's motion provided "no basis … to reconsider its decision"). Sondra Lisse did not appeal the district court's rulings to this court.

After the stay expired in Steven Lisse's appeal—and on the eve of Nora's deadline to file an opening brief—the Lisses returned to Dane County Circuit Court to file a flurry of motions seeking to postpone the foreclosure sale.[6] The day before

---

[5] It denied HSBC's request for damages and costs under FED. R. BANKR. P. 8020 because HSBC did not file a separate motion for such relief.

[6] These motions were filed by another attorney. They included a motion to hold HSBC and its counsel in contempt for "falsely represent[ing]" the Lisses' note to be an original and a sanctions motion against HSBC for "fraud on the court." The state court denied the Lisses' motions and confirmed the foreclosure sale. The Lisses appealed, and the case remains pending. *HSBC Bank USA v. Lisse*, No. 2018AP000557 (Wis. Ct. App.).

her opening brief was due, Nora moved for another stay
pending resolution of her clients' state-court motions. The
district court denied Nora's eleventh-hour request, finding
"the debtor's sole purpose appears to be to delay an inevitable
foreclosure through every legal artifice available both in state
and federal court." Order, *Lisse v. HSBC Bank USA*, No.
3:16-cv-00617-wmc (W.D. Wis. Jan. 18, 2018), ECF No. 46.
Characterizing Nora's litigation maneuvers as "plainly
seek[ing] to continue to postpone [the state-court foreclosure
action] through collateral, tag-team attacks in federal court
brought separately by husband and wife," the district court
stated it would "no longer be complicit in these transparent
efforts." *Id.* at 2. It refused to stay Steven Lisse's bankruptcy
appeal further.

The following day, instead of filing an opening brief, Nora
moved to voluntarily dismiss Steven Lisse's appeal—more
than 16 months after she filed it.

### D.  Sanctions in the District Court

The district court dismissed Steven Lisse's appeal, but it
did not stop there. Due to her "pattern of sharp practice," the
district court ordered Nora to show cause "why she should
not be sanctioned for her frivolous, or at best vexatious, ap-
peal." Order, *Lisse v. HSBC Bank USA*, No. 3:16-cv-00617-wmc
(W.D. Wis. Jan. 22, 2018), ECF No. 49. A week later, Nora
asked the district court to vacate its show cause order, alleg-
ing that the order violated due process and that the district
court had pre-judged the merits of imposing sanctions. The
district court scheduled an evidentiary hearing before a three-

judge panel consisting of Chief District Judge Peterson, District Judge Conley, and Chief Bankruptcy Judge Furay.[7]

Nora, now represented by her own counsel, filed an answer seeking to "quash" the show cause order, alleging a lack of notice of the "charges" against her, objecting to Judge Conley's participation at the hearing, and challenging the constitutional authority of Chief Bankruptcy Judge Furay to participate. The district court provided Nora with a 13-page "supplemental notice" identifying the bases for the order to show cause. Nora's lawyer followed up with a "rejoinder," objecting to the lack of separate "counts" and arguing the court could not conduct its own attorney discipline proceedings.

The district court held a 90-minute hearing on the show cause order and issued its opinion on March 20, 2018. It grouped Nora's misconduct into three categories: "(1) inappropriately pursuing relief in federal court; (2) dilatory litigation conduct, including numerous, last-minute requests for lengthy extensions; and (3) filing multiple cases or appeals then failing to consolidate or join them." Opinion and Order at 8, *Lisse v. HSBC Bank USA*, No. 3:16-cv-00617-wmc (W.D. Wis. Mar. 20, 2018), ECF No. 88. The court decided, "Nora's advocacy has crossed the line of professional conduct too many times to be tolerated or ignored any longer." *Id.* at 11. The district court fined Nora $2,500 and suspended her from appearing in new matters in the Western District for six

---

[7] As the district court noted, it created the three-judge panel "in a good-faith attempt to bend over backwards to accommodate and assuage Nora's concerns about a lack of impartiality." Opinion and Order at 6 n.3, *Lisse v. HSBC Bank USA*, No. 3:16-cv-00617-wmc (W.D. Wis. Mar. 20, 2018), ECF No. 88.

months, although it stayed those sanctions if and until Nora submitted another improper filing. *Id.*

Meanwhile, HSBC had filed a motion for $3,675 in costs and attorneys' fees under both FED. R. BANKR. P. 8020 and 28 U.S.C. § 1927. Classifying the appeal as "frivolous," the district court held Steven Lisse and Nora "jointly and severally liable for $1,837.50." Opinion and Order at 4, 8, *Lisse v. HSBC Bank USA*, No. 3:16-cv-00617-wmc (W.D. Wis. Mar. 22, 2018), ECF No. 89. This monetary sanction was in addition to the suspended fine discussed above.

About a week later, the Wisconsin Supreme Court issued a decision in disciplinary proceedings against Nora—for conduct not connected with this litigation—revoking her law license for at least one year. *In re Disciplinary Proceedings against Nora*, 909 N.W.2d at 167. On April 13, 2018, pursuant to W.D. Wis. LR 83.5, the district court suspended Nora from practice in the Western District until her Wisconsin law license was restored.

### E.  *Appeals in this Court*

Nora now appeals the district court's decisions in her individual capacity.[8] Her opening brief was due on July 30,

---

[8] Nora, as an attorney sanctioned for professional misconduct, possesses standing to appeal the district court's decisions in her own name. *Martinez v. City of Chicago*, 823 F.3d 1050, 1053, 1056 (7th Cir. 2016).

2018, but on that date, in violation of Circuit Rule 26,[9] Nora instead filed a motion asking for a sixty-day extension. We pushed the deadline back to September 14, 2018, but when that date arrived, Nora again filed a noncompliant extension motion.[10] Although we again extended Nora's deadline to September 19, 2018, she failed to meet it and filed her opening brief late.

Nora also repeatedly filed documents styled as "Requests for Judicial Notice," asking this court to take judicial notice of various documents filed in other cases (affidavits, deposition transcripts, court orders). After two orders denying Nora's requests, on Nora's third attempt Judge Easterbrook (as motions judge) published an opinion explaining why the requests were procedurally improper. *In re Appeals of Nora*, 905 F.3d 495, 497 (7th Cir. 2018) ("The right place to propose judicial notice, once a case is in a court of appeals, is in a brief. … There's no need to engage in motions practice, require the attention of additional appellate judges, and defer briefing.").

When HSBC submitted its response, Nora moved to strike portions of its brief and supplemental appendix. Nora argued HSBC's citation of documents from the Wisconsin foreclosure action and Sondra Lisse's bankruptcy case—some of which

---

[9] The rule requires, in part, that a motion for a deadline extension "shall be filed at least seven days before the brief is due, unless it is made to appear in the motion that the facts which are the basis of the motion did not exist earlier or were not, or with due diligence could not have been, known earlier to the movant's counsel." 7TH CIR. R. 26 (computing and extending time).

[10] Nora's second extension motion asked for three additional days, and before the court could rule on it, she filed a third motion asking for two more days.

had been filed by Nora as exhibits in Steven Lisse's bankruptcy appeal—made it "unreasonably difficult, if not impossible," for her to file a timely reply. Nora also asked this court to stay the appeal until we ruled on her motions to strike. The court denied Nora's motions as "frivolous," sanctioning her by docking 2,000 words from the limit for her reply. Although our order stated—in no uncertain terms—that "no motion for further time (or additional words) will be entertained," the next day Nora filed a motion for reconsideration asking the court "to restore her full word count limitation … and to allow [Nora] sufficient time to file her Reply Brief … ." Motion for Reconsideration of November 20, 2018 Procedural Order at 11. We denied that motion too.

After the completion of merits briefing, HSBC moved for damages and costs under FED. R. APP. P. 38, arguing Nora's appeals are frivolous. We ordered Nora to respond to the motion, and she (not to be outdone) requested sanctions against HSBC. Finally, failing to heed this court's earlier directives, Nora filed yet another request for judicial notice, which this court denied again.

## II. Discussion

Nora appeals two separate rulings by the district court, although her briefs meld them together. First, Nora challenges the district court's March 22, 2018 sanctions order holding her and Steven Lisse jointly and severally liable to HSBC for $1,837.50 under FED. R. BANKR. P. 8020 and 28 U.S.C. § 1927. Second, Nora appeals the April 13, 2018 order suspending her from practice in the Western District of

Wisconsin.[11] Although Nora purports to identify ten issues on appeal, each is a variation on the central theme that she should have been permitted to relitigate the authenticity of HSBC's note in federal court. In addition, we must resolve HSBC's appellate motion for damages and costs under FED. R. APP. P. 38.

### A.  March 22, 2018 Sanctions Order

A district court may "award just damages and single or double costs" if it determines a bankruptcy appeal is frivolous. FED. R. BANKR. P. 8020(a); *see also Hill v. Norfolk & Western Ry. Co.*, 814 F.2d 1192, 1201 (7th Cir. 1987) (discussing power to sanction attorneys in addition to parties).[12] An appeal is frivolous "when the result is obvious or when the appellant's argument is wholly without merit." *Goyal v. Gas Tech. Inst.*, 732 F.3d 821, 823 (7th Cir. 2013) (quoting *Spiegel v. Cont'l Ill. Nat'l Bank*, 790 F.2d 638, 650 (7th Cir. 1986)).

Likewise, a court may hold an attorney personally liable for "excess costs, expenses, and attorneys' fees reasonably incurred because of" her unreasonable and vexatious litigation conduct. 28 U.S.C. § 1927. We review a district court's sanctions order for abuse of discretion. *In re Busson-Sokolik*, 635

---

[11] The district court's April 13, 2018 order incorporates its March 20, 2018 disciplinary order, specifying the earlier order will remain in force should Nora be reinstated to practice in the Western District.

[12] The advisory committee notes to FED. R. BANKR. P. 8020 make clear that district courts possess the same authority to sanction frivolous bankruptcy appeals that FED. R. APP. P. 38 provides to this court. FED. R. BANKR. P. 8020 advisory committee's note to 1997 amendment ("[T]his rule recognizes that the authority to award damages and costs in connection with frivolous appeals is the same for district courts sitting as appellate courts, bankruptcy appellate panels, and courts of appeals.").

F.3d 261, 271 (7th Cir. 2011) (addressing FED. R. BANKR. P. 8020); *Bell v. Vacuforce, LLC*, 908 F.3d 1075, 1082 (7th Cir. 2018) (addressing 28 U.S.C. § 1927).

Under both FED. R. BANKR. P. 8020 and 28 U.S.C. § 1927, the district court acted well-within its discretion in imposing a monetary sanction on Nora.

> 1. *Sanctions were appropriate under FED. R. BANKR. P. 8020(a) because the bankruptcy appeal was frivolous.*

The bankruptcy court found Nora filed Steven Lisse's Chapter 13 bankruptcy petition for the improper purpose of thwarting the Lisses' creditors, rather than paying them. That conclusion was not clearly erroneous. *In re Wiese*, 552 F.3d 584, 588 (7th Cir. 2009) (a bankruptcy court abuses its discretion when its decision is premised on an incorrect legal principle or a clearly erroneous factual finding).

Unlike a Chapter 7 petition, which focuses on liquidating the debtor's assets to satisfy his creditors, Chapter 13 allows a debtor to voluntarily propose a plan to reorganize his debts for repayment out of his future income. RICHARD I. AARON, BANKRUPTCY LAW FUNDAMENTALS 777 (2013 ed.) ("The central thesis of Chapter 13 is that an individual debtor can dedicate future income to pay accumulated debts."); *see also* 8 COLLIER ON BANKRUPTCY § 1300.02 (Richard Levin & Henry Sommer eds., 16th ed. 2018). The focus on repayment is highlighted by the requirement that the debtor begin making payments to the trustee within 30 days after proposing a Chapter 13 plan, even before the plan is confirmed. 11 U.S.C. § 1326(a)(1). The basic premise is to facilitate the debtor's ability to pay his creditors, not to frustrate the creditors' rights. *In re Schaitz*, 913 F.2d 452, 453–54 (7th Cir. 1990); *cf. In re Rimgale*, 669 F.2d 426,

428 (7th Cir. 1982) (describing Congress's idealized Chapter 13 case as one where "the debtor, given time and relief from harassment, is able to pay all or most of his debts").

A bankruptcy court may dismiss a Chapter 13 petition for cause if it finds the petition was filed in bad faith. 11 U.S.C. § 1307(c); *In re Love*, 957 F.2d 1350, 1354 (7th Cir. 1992); 8 COLLIER ON BANKRUPTCY § 1307.04[10]; *see also* 11 U.S.C. § 1325(a)(3) (requiring a plan to have been proposed in good faith as a condition of confirmation). Given bankruptcy's historical roots as an equitable remedy, "the good faith standard prevents debtors from manipulating the Code for wrongful purposes." *In re Love*, 957 F.2d at 1359. Whether a debtor filed his petition in good faith is a factual finding to be reversed only when the bankruptcy court's determination, based on the totality of the circumstances, is clearly erroneous. *In re Smith*, 286 F.3d 461, 466 (7th Cir. 2002).

Using a Chapter 13 petition to stave off an impending home foreclosure sale is not necessarily improper. Although Chapter 13 generally prohibits a plan from modifying mortgage lenders' underlying rights, 11 U.S.C. § 1322(b)(2), it expressly allows a debtor to cure defaults with respect to his principal residence "until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law." 11 U.S.C. § 1322(c)(1); *see also* 8 COLLIER ON BANKRUPTCY § 1322.06[1][a]; *id.* at § 1322.16. A debtor, thus, may use a proper Chapter 13 petition to cure past defaults on his mortgage through regular payments to the lender, preventing the foreclosure sale. *See Nobelman v. American Savings Bank*, 508 U.S. 324, 330 (1993).

But this is not what Nora proposed for the Lisses. As the bankruptcy court recognized, the object of Nora's plan was

not to pay the Lisses' creditors in an orderly fashion but, instead, to relitigate HSBC's foreclosure judgment. Nora suggested directing the Lisses' mortgage payments to her trust account (not to the Chapter 13 trustee) "during the pendency [of an] adversary proceeding to be commenced, in part, for the determination of the identity of the real party in interest entitled to the payment or proceeds … ." Such an effort to relitigate a creditor's rights—already established in state-court proceedings—is an improper, bad faith use of a Chapter 13 petition. *See In re Love*, 957 F.2d at 1359 ("[F]iling a Chapter 13 petition in order to thwart the payment of an otherwise nondischargeable income tax debt … was not one of the intended purposes of the bankruptcy provisions. … [T]he bankruptcy court's finding of lack of good faith is not clearly erroneous.").

In the district court, Nora never presented any argument about why the bankruptcy court's good-faith determination was clearly erroneous. Indeed, Nora never even filed a brief on the merits of the appeal, despite the fact it was pending in the district court for 16 months. *Cf. Klein v. O'Brien*, 884 F.3d 754, 757 (7th Cir. 2018) ("[A]n appellate brief that does not even *try* to engage the reasons the appellant lost has no prospect of success.").

Nora now resurrects the argument that HSBC's note is a forgery, so the appeal to the district court was not frivolous. This only confirms the bankruptcy court's conclusion that Nora intended to use the proceedings to thwart HSBC, rather than to cure the Lisses' mortgage defaults or otherwise satisfy HSBC's claim. Many court decisions have previously informed Nora that, under the *Rooker-Feldman* doctrine, federal courts are bound by state-court resolutions of debtors'

defenses to mortgage foreclosure. *See, e.g.*, *Nora v. Residential Funding Co.*, 543 Fed. App'x 601, 602 (7th Cir. 2013) ("By alleging that the fraudulent assignment to Residential Funding allowed it to succeed in foreclosing on her property in state court, Nora is impermissibly asking a federal district court to review and reject the state court's judgment of foreclosure of her property."); *Spencer v. Federal Home Loan Mortg. Corp.*, 246 F. Supp. 3d 1241, 1245 (W.D. Wis. 2017) ("As previously explained to [Nora], the *Rooker-Feldman* doctrine deprives federal courts of jurisdiction to review a state court decision."); *Spencer v. PNC Bank*, No. 14-cv-422-wmc, 2015 WL 1520912, at *4 (W.D. Wis. Apr. 2, 2015) (noting Nora could challenge the validity of endorsements and notes in state court but that "those arguments do not undermine [the creditor's] standing in the bankruptcy proceeding"); *Schmid v. Bank of America*, 498 B.R. 221, 224–25 (W.D. Wis. 2013) ("The *Rooker-Feldman* doctrine applies to plaintiff's fraud claim because plaintiff's alleged injury is the state court foreclosure judgment that defendant Bank of America is now asserting … Many other courts have concluded that the *Rooker-Feldman* doctrine bars a litigant from challenging a foreclosure judgment in a subsequent case.").

Throughout the federal proceedings, Nora has repeatedly attacked HSBC's "standing" to oppose Steven Lisse's Chapter 13 plan on the theory that HSBC's note is a forgery. She similarly contends the district court lacked jurisdiction to sanction her due to this alleged Article III defect. Nora is wrong on both counts. The Wisconsin foreclosure judgment established HSBC as the Lisses' judgment creditor. It is the foreclosure judgment, not the note, that gives HSBC standing at this point to object to Steven Lisse's Chapter 13 plan. 11 U.S.C. § 1324(a) (providing that any "party in interest may object to

confirmation of the plan"); *cf.* 11 U.S.C. § 1109 (defining a "creditor" to be a "party in interest" for purposes of Chapter 11); *In re Rimgale*, 669 F.3d at 428 (explaining that Congress adopted § 1324 to allow "for creditors to be heard" while giving the bankruptcy judge sole authority to confirm or reject a plan). This makes the authenticity of HSBC's note irrelevant to the analysis in federal court. Even if the note is a forgery, until the Lisses obtain a vacatur of the foreclosure judgment, HSBC's standing as a judgment creditor is unassailable.

Nora manages to flag one potentially legitimate basis to challenge the bankruptcy court's decision: that the court decided *sua sponte* to not only deny confirmation but to dismiss the petition without leave to amend the plan. *Compare In re Terry*, 630 F.2d 634, 636 n.5 (8th Cir. 1980) ("As we read § 1307, a court cannot order dismissal or conversion on its own motion."), *with In re Hammers*, 988 F.2d 32, 34–35 (5th Cir. 1993) (holding *sua sponte* dismissal appropriate under 11 U.S.C. § 105(a)); *see also* 8 COLLIER ON BANKRUPTCY § 1307.04 (suggesting § 105(a) "presumably would give the court the power to dismiss a case *sua sponte*"). Yet Nora never briefed that argument for the district court. *See CNH Indus. Am. LLC v. Jones Lang LaSalle Am., Inc.*, 882 F.3d 692, 705 (7th Cir. 2018) (noting arguments not raised below are forfeited). And she fails to adequately do so here, simply quoting a transcript without citing any relevant legal authorities on the topic. *See M.G. Skinner & Assocs. Ins. Agency v. Norman-Spencer Agency*, 845 F.3d 313, 321 (7th Cir. 2017) ("Perfunctory and undeveloped arguments are waived, as are arguments unsupported by legal authority."). The inclusion of one plausible argument—amidst a plethora of frivolous arguments—will not insulate an appellant from sanctions. *Hill*, 814 F.2d at 1200 (holding sanctions may be imposed where most of the appellant's

arguments are frivolous, even if not all of them can be classified that way).

Nora's attempt to relitigate HSBC's foreclosure judgment in bankruptcy court was frivolous. Nora's repeated fraud accusations do not change the calculus. *Mains v. CitiBank*, 852 F.3d 669, 676 (7th Cir. 2017) (holding *Rooker-Feldman* prohibits federal courts from reviewing whether a lender procured a state-court foreclosure judgment through fraud). If Nora believed she possessed new evidence of fraud, Wisconsin's state courts were the appropriate venue to raise such arguments. WIS. STAT. § 806.07(1)(c) (authorizing motions to reopen judgments due to the "[f]raud, misrepresentation, or other misconduct of an adverse party"); *see also Taylor v. Federal Nat'l Mortg. Ass'n*, 374 F.3d 529, 535 (7th Cir. 2004) (affirming district court's decision to remand a fraud-on-the-court claim to state court on *Rooker-Feldman* grounds). Aside from delay, there was no reason for Nora to file a federal bankruptcy case rather than seek relief in state court. *See Mains*, 852 F.3d at 676 ("The state's courts are quite capable of protecting their own integrity."). Federal courts do not exist to provide disappointed state-court losers a second bite at the apple.[13]

---

[13] At oral argument, Nora's counsel contended Judge Conley misunderstood Chapter 13 bankruptcy law, citing his passing reference to Steven Lisse's bankruptcy petition as an "appeal" of the Wisconsin foreclosure judgment. But, read in context, Judge Conley's statement was noting that Nora's arguments were only appropriate in a state-court appeal (such that Nora was, as a practical matter, attempting to bring an improper "appeal" in federal court). Judge Conley's thorough and careful opinions in this case dispel any concerns of the type Nora's counsel postulates.

2.  *Nora's litigation tactics warranted sanctions under 28 U.S.C. § 1927.*

Courts may also impose sanctions against a lawyer who "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. A lawyer's subjective bad faith is a sufficient, but not necessary, condition for § 1927 sanctions; objective bad faith is enough. *Hunt v. Moore Bros., Inc.*, 861 F.3d 655, 659 (7th Cir. 2017). Attorneys demonstrate objective bad faith when they pursue "a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Bell*, 908 F.3d at 1082 (quoting *Boyer v. BSNF Ry. Co.*, 824 F.3d 694, 708 (7th Cir. 2016)). Because trial judges are best positioned to detect bad faith litigation conduct, they possess broad discretion in exercising the § 1927 power. *Id*.

Nora's stall tactics are blatant when one looks back at how this litigation unfolded. Although Nora denies intentionally delaying proceedings, the record before us belies her position. Nora herself openly acknowledged the purpose of Steven Lisse's bankruptcy petition was to extend the deadline to petition the Wisconsin Supreme Court. And, as Nora now boasts in her brief, her strategy worked:

> The March 22, 2018 Order [by the district court] concludes that attorneys' fees should be awarded based on "dilatory conduct" whereby the Lisses have maintained possession of their home for six (6) years. Actually, the Lisses have remained in possession of their home for over eight (8) years since the fraudulent foreclosure began and they are still in possession of their home, contrary to Judge Peterson's conclusion

> that the foreclosure of the Lisses' home is "inevitable."

Appellant's Response to Motion for Sanctions at 16–17, ECF No. 24.

Using the automatic stay in 11 U.S.C. § 362(a) as a litigation ploy to drag out foreclosure proceedings in another jurisdiction constitutes objective bad faith. *See Hilgeford v. The Peoples Bank*, 776 F.2d 176, 179 (7th Cir. 1985) ("Our review of the briefs and record persuades us that this is vexatious litigation. … We can think of no other reason for this [mortgagor's] appeal other than delay, harassment, or sheer obstinancy.").

The conclusion of intentional delay is supported, not only by the obvious motive, but also by the lack of any substantive merit to the Chapter 13 proceedings. As discussed above, the plan Nora filed on behalf of Steven Lisse (and then again for Sondra Lisse) improperly attempted to use an adversarial proceeding to relitigate the merits of a foreclosure judgment HSBC had already obtained in Wisconsin state court (with HSBC receiving no payments in the interim). Any reasonably careful attorney—let alone an attorney with Nora's familiarity with bankruptcy court—would have known that this type of conduct would not be tolerated. *Bell*, 908 F.3d at 1082; *cf. Carr v. Tillery*, 591 F.3d 909, 920 (7th Cir. 2010) ("Although the suit is not frivolous, or at least not utterly so, it is so lacking in merit … that its pursuit by the plaintiff indicates a motive to harass.").

Nora then compounded the delays caused by these meritless bankruptcy petitions by filing numerous, last-minute motions for lengthy stays or deadline extensions. For example, in

Steven Lisse's appeal in the district court, Nora filed three motions to stay the proceedings. This strategy produced a 16-month delay before the district court refused any further extensions, at which point Nora moved to voluntarily dismiss the appeal without filing an opening brief. Such litigation behavior—even if one assumes pure motives—constitutes objective bad faith warranting sanctions under § 1927. The district court did not abuse its discretion.

### B.  Nora's Suspension from Law Practice

In addition to awarding HSBC damages and costs against both Nora and Steven Lisse as a monetary sanction, two district court orders imposed professional discipline on Nora. First, on March 20, 2018, the district court fined Nora $2,500 and suspended her right to practice in the Western District for six months, although it stayed the penalties until Nora committed another violation.

Ten days later, however, the Wisconsin Supreme Court suspended Nora's law license for one year. *In re Disciplinary Proceedings against Nora*, 909 N.W.2d at 167–68. As a result, on April 13, 2018, the district court issued another order suspending Nora's right to practice based on W.D. Wis. LR 83.5(E). That local rule automatically imposes reciprocal discipline when another jurisdiction does so, although it permits the attorney to apply "for modification or vacation of the [district court's] discipline."

Although Nora appeals the district court's April 13, 2018 disciplinary order separately from its March 22, 2018 order awarding HSBC its damages and costs under FED. R. BANKR. P. 8020 and 28 U.S.C. § 1927, she does not develop an independent argument for reversing it. To be clear, Nora is

currently prohibited from practice in the Western District as reciprocal discipline based on her disbarment by the Wisconsin Supreme Court, not due to her conduct in this litigation.[14] Nora does not provide a reason to reverse that discipline.

District courts are permitted to rely on state-court disciplinary proceedings to suspend attorneys practicing before them. *Selling v. Radford*, 243 U.S. 46, 51 (1917). And this case shows why a local rule making reciprocal discipline automatic (while also providing a process for attorneys to challenge that federal discipline) makes sense. Such rules align the procedure with the relevant legal presumptions. Separate federal hearings are not required. *In re Palmisano*, 70 F.3d 483, 486 (7th Cir. 1995). Federal courts give "great weight" to state-court disciplinary findings. *In re Jafree*, 759 F.2d 604, 608 (7th Cir. 1985). The attorney bears the burden to identify either a due process violation, insufficient fact findings, or "some other grave reason" why the state-court's ruling is not entitled to the federal court's respect. *Selling* 243 U.S. at 51. Placing the onus on the attorney to raise such issues in a motion to modify or vacate discipline minimizes the amount of resources diverted to (essentially) collateral attacks on state-court proceedings. *See In re Wick*, 628 F.3d 379, 381 (7th Cir. 2010).[15]

---

[14] The district court's April 13, 2018 order, however, does state that its March 20, 2018 disciplinary order (holding sanctions for Nora's conduct in this litigation in abeyance until further misconduct) will remain in effect should Nora be reinstated.

[15] This court's rules take a similar procedural approach. 7TH CIR. R. 46(d). Based on the suspension of Nora's Wisconsin law license in 2018, this court ordered Nora removed from its roll of attorneys after she failed to demonstrate why this court should not do so. Order, *In re Nora*, No. D-18-07 (7th Cir. May 23, 2018).

Even setting aside the discipline imposed by the Wisconsin Supreme Court, Nora's litigation activity in federal court warrants a suspension itself. Federal courts' inherent authority to disbar or suspend lawyers for misconduct is longstanding and well established. *In re Snyder*, 472 U.S. 634, 643 (1985); *see also Ex parte Burr*, 9 Wheat. 529, 531 (1824) (Marshall, J.) (holding the power to suspend attorneys is "incidental to all Courts, and is necessary for the preservation of decorum, and for the respectability of the profession").

Again, Nora used tag-team Chapter 13 bankruptcy filings by a husband and wife—each lacking a good faith basis—to postpone the orderly resolution of state-court proceedings. Nora's behavior in this litigation unfortunately is not an aberration for her. *See*, *e.g.*, *PNC Bank v. Spencer*, 763 F.3d 650, 654-55 (7th Cir. 2014) ("In sum, this appeal is frivolous, and we are troubled by Nora's conduct in this litigation. … [W]e suspect that the removal was part of a strategy designed to gum up the progress of the case."); *Spencer v. Federal Home Loan Mortg. Corp.*, No. 15-cv-332-wmc, 2015 WL 4509159, at *1 (W.D. Wis. July 24, 2015) (stating that Nora's appeals appeared "motivated by the goal to further delay a warranted state court foreclosure."). Courts have sanctioned Nora for this conduct before, but apparently she has not received the message that it will not be tolerated.

Not only are Nora's litigation tactics inappropriate, her treatment of opposing counsel and judicial officers is censurable. In the district court, Nora accused HSBC's counsel (by name) of committing "uncontroverted fraud on the Court," as well as multiple federal crimes, by presenting HSBC's claim. She repeats similar attacks in these appeals. *See*, *e.g.*, Appellants Br. at 47. This behavior is, again, not new for Nora. *PNC*

*Bank*, 763 F.3d at 655 ("Nora has accused the state court judge and court reporter of fraudulently manipulating transcripts, the district court judge of pursuing 'a campaign of libel against her,' and opposing counsel of engaging in 'actionable civil fraud and racketeering that may constitute state and federal criminal misconduct.'"); *Nora v. Furay*, No. 14-cv-527-jdp, 2014 WL 4209608, at *2 (W.D. Wis. Aug. 25, 2014) ("Nora contends that Judge Furay 'acted in reckless haste to place false findings on the public record in order to support the falsely made allegations against her former client … to make false findings of fact concerning matters which had never been adjudicated, and to damage Nora's character and reputation.'"); *In re Rinaldi*, No. 11-35689-svk, 2017 WL 104749, at *1 (E.D. Wis. Jan. 10, 2017) ("The conversion of the case to Chapter 13 clearly changed the context of HSBC's entitlement to relief from stay, but Attorney Nora ignored the conversion and accused HSBC's attorneys of fraud on the Court.").

Flippant, unfounded accusations of misconduct and fraud by opposing counsel and court officials demean the profession and impair the orderly operation of the judicial system. *In re Palmisano*, 70 F.3d at 487. They also violate the ethical standards for lawyers practicing in this circuit. *See* 7TH CIR. STANDARDS FOR PROF. CONDUCT, *Lawyer's Duties to Other Counsel* at ¶4 ("We will not, absent good cause, attribute bad motives or improper conduct to other counsel or bring the profession into disrepute by unfounded accusations of impropriety."). Such behavior warrants punishment.

Following Nora's repeated abuse of the judicial process through frivolous filings and dilatory tactics, her unprofessional conduct toward opposing counsel, and the suspension of her Wisconsin law license, "the district court certainly was

entitled to say, 'enough is enough.'" *Salmeron v. Enter. Recovery Sys., Inc.*, 579 F.3d 787, 798 (7th Cir. 2009). We find no fault with the district court's order suspending Nora from practice in the Western District of Wisconsin.

### C. Further Appellate Sanctions

We must also resolve HSBC's appellate motion for additional sanctions. This court may "award just damages and single or double costs to the appellee" when it deems an appeal frivolous. FED. R. APP. P. 38. Such sanctions are discretionary and appropriate where an appellant simply repeats previously rejected, frivolous arguments or pursues an appeal to harass their adversary. *Arnold v. Villarreal*, 853 F.3d 384, 389 (7th Cir. 2017).

Nora's arguments almost entirely regurgitate points she pressed before the bankruptcy court, which the district court concluded were frivolous. As we have explained to Nora previously, "Sanctions are warranted under Rule 38 when a litigant or attorney presents appellate arguments with no reasonable expectation of success for the purposes of delay, harassment, or sheer obstinacy." *In re Nora*, 778 F.3d at 665. That aptly describes Nora's present appeals.

Not only were Nora's arguments on the merits frivolous, she also engaged in meritless and dilatory motion practice before this court. She moved to stay these appeals pending our ruling on a frivolous motion to strike that she filed. When we denied that motion, Nora immediately filed an equally frivolous motion to reconsider. Similarly, Nora submitted four separate "Requests for Judicial Notice," needlessly clogging this court's motion docket. She continued to lodge these requests, even after this court issued an opinion detailing why

they were unnecessary and improper. *In re Appeals of Nora*, 905 F.3d at 497 (7th Cir. 2018).

We find Nora's appeals to have been frivolous and grant HSBC's motion for attorneys' fees and costs. HSBC requested $2,150.00 for attorneys' fees and $446.00 for costs in its motion. Although such figures appear reasonable, HSBC has not submitted an affidavit or other evidentiary record to support them. *See Arnold*, 853 F.3d at 389 (directing moving party to "submit an affidavit and supporting papers specifying the damages" incurred); *Flip Side Prod., Inc. v. Jam Prod., Ltd.*, 843 F.2d 1024, 1037 (7th Cir. 1988) (requiring party seeking sanctions to submit a "verified, itemized statement" of its damages and costs). So, we direct HSBC to provide an accounting of their costs and attorneys' fees within 15 days.

For numerous reasons, including her failure to present "a separately filed motion" in compliance with FED. R. APP. P. 38, we deny Nora's request for attorneys' fees.

Finally, we must revisit our previous sanctions against Nora. Due to "frivolous and needlessly antagonistic filings" by Nora in an appeal back in 2015, we fined her $2,500 but suspended the sanction "until the time, if ever, that Nora submits further inappropriate filings." *In re Nora*, 778 F.3d at 667. Given Nora's frivolous filings in these appeals, we lift the suspension of our previous monetary sanction.

### III. Conclusion

Lawyers must represent their clients' interests responsibly, not only zealously. *Kapco Mfg. Co. v. C&O Enter., Inc.*, 886 F.2d 1485, 1497 (7th Cir. 1989). Part of being a responsible counselor to one's client is recognizing when the legal battle is lost and advising the client how to best handle that

outcome. Frivolous legal arguments, intentionally dilatory tactics, and unprofessional antagonism toward opposing counsel benefits no one and improperly burdens federal courts. Nora's conduct has crossed the boundaries of acceptable conduct for attorneys in this circuit.

For these reasons, we order as follows:

1) On appeal number 18-1866, the district court's March 22, 2018 order holding Steven Lisse and Wendy Alison Nora jointly and severally liable for $1,837.50 is AFFIRMED;

2) On appeal number 18-1889, the district court's March 20, 2018 and April 13, 2018 orders suspending Wendy Alison Nora's ability to practice in the Bankruptcy and District Courts for the Western District of Wisconsin (and staying an additional $2,500 fine) are AFFIRMED;

3) HSBC's motion for damages and costs under FED. R. APP. P. 38 is GRANTED, and HSBC is directed to provide an accounting of its costs and attorneys' fees incurred in these appeals within 15 days;

4) Nora's "Request for Appellant's Attorneys Fees and Costs of Defending against the Motion for Sanctions" is DENIED; and

5) We lift the suspension of the monetary sanction imposed in appeal number 13-2676 and order Nora to tender a check payable to the clerk of this court for $2,500 within 60 days of the date of this opinion.

The district court's decisions are AFFIRMED WITH SANCTIONS.