**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 20, 2019[*]
Decided June 24, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-2986

| | |
|---|---|
| IN RE: KENNITH L. WHALEY, *Debtor-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| | Nos. 17-cv-7341 & 18-cv-3397 |
| | John Robert Blakey, *Judge*. |

**O R D E R**

Kennith Whaley filed a Chapter 13 bankruptcy petition, but he did not submit proof of income, his tax returns, or a completed debt-repayment plan; nor did he timely make payments, all of which were necessary to move his case forward. When he continued incurring debt without demonstrating his ability to pay, the bankruptcy court found that he had filed the petition in bad faith and dismissed it. The district court

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

affirmed, and we agree with its decision: the bankruptcy court did not clearly err in concluding that Whaley had sought the protection of the automatic stay without showing that he has the "regular income" required by Chapter 13. 11 U.S.C. § 109(e).

Among the liabilities on his bankruptcy schedule, Whaley listed overdue parking tickets, and the City of Chicago (his creditor) submitted a proof of claim under 11 U.S.C. § 501. But Whaley did not attend the mandatory meeting of creditors, *see id*. at §§ 341, 343, and after receiving a continuance to cure his petition's deficiencies, he still failed to submit the documents necessary to demonstrate his income and repayment potential. Instead, he filed a still-incomplete, amended repayment plan and an amended schedule that sought to include in the bankruptcy estate unpaid traffic tickets associated with a vehicle that was not registered to him. (He asserted that he had leased it but offered no evidence that a lease had been recorded to the title.) These tickets were assessed *after* Whaley had filed for bankruptcy. Whaley also filed an "emergency motion" to compel the City to release the vehicle, which it had immobilized because of the new tickets.

Without Whaley's tax information, the trustee could not reschedule the creditor meeting. *See* 11 U.S.C. §§ 521(e)(2)(A), (B); 1308(b). And Whaley still had not filed proof of income or a completed plan, or made any payments, so the trustee moved to dismiss the case for unreasonable delay. *Id*. at § 1307(c)(1); *see also id.* at § 1307(c)(3), (4), (9).

At a hearing on the trustee's motion, the bankruptcy court made an oral finding that Whaley had filed his petition in bad faith and dismissed the case. It concluded that Whaley's failure to produce documents and his attempt to include the new tickets in his estate showed that he did not plan to satisfy his debts through the bankruptcy. Rather, Whaley's actions suggested that he intended to take advantage of the automatic stay to forestall collections and compel the City to release the immobilized vehicle. Whaley protested that he had mailed to the trustee's office pay stubs and an affidavit attesting that he was not required to file tax returns with his initial bankruptcy petition. He also stated that he had brought copies of those documents and one payment to court with him. But the trustee argued that the judge should not allow Whaley to begin complying now when he had taken no steps to do so in the three months since he filed his petition. The trustee had never received the documents that Whaley said he sent, Whaley had not filed them after he was granted a continuance, and even if the court accepted one payment, Whaley would still be two payments behind. The court agreed, noting that dismissal was proper based on Whaley's failure either to file any of the necessary documents or to make timely payments under a complete plan. *See* 11 U.S.C.

§§ 1307(c)(1), (3), (4), (9); 1308. It found that Whaley had filed his petition in bad faith and granted the motion to dismiss.

Whaley then filed three separate motions to vacate the dismissal or reinstate the automatic stay. He also moved for sanctions against the City for allegedly violating the automatic stay by failing to notify his employer, Uber, that the outstanding parking tickets would be resolved through the bankruptcy process (allowing him to retain his permit to drive for Uber). The bankruptcy court denied the motions, declining to reopen the petition and explaining that he could not decide matters related to a dismissed case. Whaley appealed. *See* 28 U.S.C. §§ 158(a)(1), (d)(1). The district court affirmed the dismissal and ruled that Whaley's other motions were moot because his bankruptcy petition was no longer active.

Whaley now argues that the district court erred in affirming the dismissal of his petition and the denial of his motion for sanctions. He primarily contends that but for the City's violation of the automatic stay—which he says prevented him from driving for Uber for nine days—he would have earned money to make plan payments. A bankruptcy court may dismiss a Chapter 13 case for cause—including the debtor's failure to file proof of income within 15 days of petitioning for bankruptcy, *see* 11 U.S.C. §§ 521(a)(1)(B)(iv); 1307(c)(9), his failure to file a completed repayment plan, *id*. at § 1307(c)(3), his failure timely to make payments, *id*. at § 1307(c)(4), or for bad faith, *Matter of Lisse*, 921 F.3d 629, 639 (7th Cir. 2019). We review the court's bad-faith finding for clear error based on the totality of the circumstances, *id*. at 639, and its dismissal for abuse of discretion, *see Wiese v. Comty. Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009).

We see no clear error in the bankruptcy court's finding that Whaley filed his petition in bad faith, and no abuse of discretion in the dismissal. Even after a continuance, Whaley had not submitted his proof of income, tax returns, or a completed Chapter 13 plan nearly three months after initiating his case. And his attempt to add to the bankruptcy estate new traffic tickets while failing to move his case forward—and incurring new debts—supports the bankruptcy court's conclusion that Whaley intended to avail himself of the automatic stay without meeting his obligations under Chapter 13. So, we cannot say that the evidence leaves us with a "definite and firm conviction" that the court erred in finding that Whaley acted in bad faith. *See In re Outboard Marine Corp.*, 386 F.3d 824, 827 (7th Cir. 2004) (quoting *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985)). Dismissal was appropriate based on that finding. *Lisse*, 921 F.3d at 639.

Whaley also asserts that the bankruptcy judge incorrectly stated that Whaley failed to file pay stubs and an affidavit stating that he was exempt from filing tax returns because he had mailed them to the trustee's office. But Whaley's argument is unavailing for three reasons. First, the bankruptcy code required Whaley to file these documents with the court, not mail them to the trustee. *See* 11 U.S.C. §§ 521(a), 1308. Second, though the judge explained to Whaley that the trustee never received the documents and granted a continuance to allow him to file them, Whaley did not attempt to do so before the dismissal hearing, nor has he ever explained the delay. Third, the bankruptcy judge found that multiple independent grounds existed for dismissing Whaley's petition, including bad faith, unreasonable delay, and Whaley's failure to file a completed repayment plan or timely make plan payments. *Id*. at §§ 1307(c)(1), (3), (4); *Lisse*, 921 F.3d at 639.

Whaley's last argument—that the purported violation of the automatic stay caused his non-payment—is meritless for the same reason. Because the judge's finding of bad faith justified dismissal, and that finding was based on more than his failure to make plan payments, Whaley's argument that the purported violation of the automatic stay caused his non-payment is irrelevant.

Finally, "the stay is dependent on the existence of the bankruptcy," so the district court correctly concluded that Whaley's post-dismissal motion for sanctions for the City's purported violation of the stay was moot. *In re Statistical Tabulating Corp.*, 60 F.3d 1286, 1290 (7th Cir. 1995); *see also In re Castaic Partners II, LLC*, 823 F.3d 966, 968–69 (9th Cir. 2016) (disputes about automatic stay are moot after court dismisses petition).

We have considered Whaley's remaining arguments, and none has merit.

AFFIRMED