**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2020[*]
Decided April 2, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-3199

| | |
|---|---|
| IN RE: DIAHANN GRASTY, <br> *Debtor-Appellant.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. <br><br> No. 19-cv-3044 <br><br> Sharon Johnson Coleman, <br> *Judge.* |

## O R D E R

After Diahann Grasty repeatedly failed to make payments required by her bankruptcy plan, the bankruptcy court dismissed her petition for material default. The district court affirmed the dismissal. On appeal, Grasty contends that the bankruptcy

---

[*] The appellee (the bankruptcy trustee) notified the court that she is not participating in the appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

court and district court were biased against her and that the bankruptcy court erroneously dismissed her case. Grasty's arguments are meritless, so we affirm.

Grasty filed a Chapter 13 bankruptcy petition in January 2018. (A Chapter 13 bankruptcy allows a debtor to voluntarily propose a plan to reorganize her debts for repayment. 11 U.S.C. § 1322; *Matter of Lisse*, 921 F.3d 629, 638 (7th Cir. 2019).) Grasty initially proposed paying $30 per month for 60 months, but after amending her plan twice, she ultimately agreed to pay $84.26 per month for 60 months. The bankruptcy court confirmed this plan in June 2018.

The trustee moved to dismiss the bankruptcy case five months later, contending that Grasty had not been making full payments under the plan, was in default, and owed over $400. In response, Grasty filed a motion for a hardship discharge, arguing that her financial situation had changed and requesting that her monthly payments be reduced to a more manageable amount.

The bankruptcy court held a hearing to address these motions. Grasty admitted that she had not submitted a full payment every month as required by the plan. She also expressed confusion about the plan, including whether her payment obligations began when she first submitted the plan or when it was confirmed, and when her monthly payment had increased from $30 to $84.26. She also disputed (without evidence) the amount the trustee claimed she owed.

The bankruptcy court first explained that Grasty had not demonstrated that she qualified for a hardship discharge under 11 U.S.C. § 1328(b), as she had not shown an inability to make payments. The court did, however, acknowledge Grasty's confusion about her responsibilities under the plan and delayed ruling on the motion to dismiss. The court implored Grasty to work with the trustee to resolve her confusion and find a solution to her default.

The court then conducted two more hearings, but Grasty continued to express confusion and request a hardship discharge. The court reiterated that Grasty had not proved that she qualified for the discharge. Recognizing Grasty's lasting confusion, however, the court again delayed ruling on the trustee's motion to dismiss and found a volunteer lawyer to assist Grasty.

The bankruptcy court conducted three more hearings, with counsel for Grasty appearing at each one. At the sixth hearing, however, counsel moved to withdraw from

representing Grasty because of irreconcilable differences and an inability to communicate with her about her options to cure the default. At that point, the bankruptcy court explained that it could no longer delay ruling on the motion to dismiss. Grasty had not proposed a viable alternative to the dismissal of her petition, and throughout the six months that the motion to dismiss had been pending, Grasty continued to miss payments and now owed approximately $700. The court therefore dismissed Grasty's bankruptcy petition based on her default. *See* 11 U.S.C. § 1307(c)(6).

Grasty appealed the dismissal of her case to the district court. She argued that the bankruptcy court erred by not granting her a hardship discharge, that the bankruptcy judge should have recused himself from the case, and that both the bankruptcy court and the district court lacked subject-matter jurisdiction over her case. The district court rejected Grasty's contentions and concluded that the bankruptcy court did not abuse its discretion by dismissing her petition for material default.

Now on appeal to this court, Grasty devotes most of her brief to arguing that both the district judge and the bankruptcy judge were biased and should have recused themselves from the case. But Grasty offers only allegations so unfounded and, at times, extreme, that we do not repeat them. She says nothing to suggest that either judge revealed favoritism or antagonism that made a fair judgment impossible. *See Liteky v. United States*, 510 U.S. 540, 555 (1994). Nor does the record reveal such bias. Grasty disagrees with the rulings against her, but "[a]dverse rulings do not constitute evidence of judicial bias." *Thomas v. Reese*, 787 F.3d 845, 849 (7th Cir. 2015).

Grasty also contends that the bankruptcy court wrongly dismissed her bankruptcy petition for material default. We review findings of fact for clear error and the dismissal of a bankruptcy petition for material default for abuse of discretion. *See* 11 U.S.C. § 1307(c)(6); *In re Wiese*, 552 F.3d 584, 588 (7th Cir. 2009). The bankruptcy court dismissed Grasty's petition after finding that, at the time of the ruling, she had defaulted on her payment plan and was behind approximately $700 in plan payments. Grasty attempts to cast doubt on that conclusion by asserting, with no support, that she had been in default for less than one month and that the trustee lied about how much she owed. But she did not raise these arguments in the bankruptcy court and, what's more, she acknowledged there that she was in default and had not adhered to her payment plan for several months. Grasty presents no basis on which we could conclude that the bankruptcy court's finding of default was clearly erroneous or that it abused its discretion when dismissing her case. *See In re Wiese*, 552 F.3d at 588 (bankruptcy court

abuses discretion when decision premised on incorrect legal principle or clearly erroneous factual finding).

We have considered Grasty's remaining arguments, and none has merit.

AFFIRMED